TAYLOR *v.* THE STATE.

A person indicted for an offence created by statute, cannot be convicted after a repeal of the statute, unless the repealing statute contain a saving clause, &c.

ERROR to the *Gibson* Circuit Court.

DEWEY, J.—At the *September* term, 1842, of the *Gibson* Circuit Court, *Taylor* was indicted for selling tea without license. At the *September* term, 1843, he was tried and found guilty of the offence.

The indictment was founded upon the fifty-fifth section of the act respecting crime and punishment, by which it was enacted that every person who should vend merchandize, not the product of the *United States*, without license, &c., should be fined, &c. R. S. 1838, p. 217. In *January*, 1843, the legislature repealed " so much of the act entitled ' An act relative to crime and punishment,' &c., as requires a license or permit to vend coffee, tea, or sugar." Laws of 1843, p. 82. If this clause has any meaning at all, it is a repeal of the statute against vending foreign merchandize, so far as the enumerated articles are concerned; and as such repeal we view it. The defendant was, therefore, convicted after the repeal of the law creating the offence for which he was indicted. This was illegal. No principle is better settled, than that a conviction cannot take place after the repeal of a violated law, unless the repealing act contain a provision for that purpose. Such is not the fact in the present case.

*Per Curiam.*—The judgment is reversed. Cause remanded, &c.

*J. Pitcher*, for the plaintiff.

*J. Lockhart*, for the state.