SPRIGS *v.* THE STATE.—In Error.

The act of 1849, giving, in certain counties therein named, exclusive jurisdiction of certain offences to justices, contained no saving clause as to existing cases, and deprived the Circuit Courts of jurisdiction over them.

AT the *October* term, 1848, *Sprigs*, the plaintiff in error, was indicted for a simple assault and battery, under the 63d section, of article 2, chapter 53, R. S. p. 974, in the *Jennings* Circuit Court. On the 16th of *January*, 1849, the legislature passed a law, giving, from the date of that act, exclusive jurisdiction, in certain counties therein named, to justices of the peace, of the offence named in this indictment and in said section 63 of the R. S. *Jennings* county, in which this indictment was found, and the defendant to it tried, is embraced in said act. In *April*, 1849, the said *Jennings* Circuit Court, upon a trial had therein, convicted and fined said *Sprigs*, the defendant below, and the plaintiff in error.

This conviction was wrong. The act of 1849, virtually repealed the previous law giving the Circuit Court jurisdiction of the offence of which *Sprigs* was convicted. It contains no saving clause as to existing cases. This case, therefore, falls directly within that of *Taylor* v. *The State*, 7 Blackf. 93.

The judgment below is reversed. Cause remanded, &c.

*H. C. Newcomb* and *W. B. Hogins*, for the plaintiff.