*F. M. Finch*, for the state.

----

## THE STATE v. LOYD.

A person indicted for an offence created by statute, cannot be convicted after the repeal of such statute unless the repealing statute have a saving clause as to pending suits.

ERROR to the *Decatur* Circuit Court.

*Friday, July 11.*

BLACKFORD, J.—This was an indictment, found at the *Fall* term, 1848, of the *Decatur* Circuit Court.

The charge in the indictment is, that the defendant, on the 1st of *June*, 1848, at, &c., not being licensed, &c., sold a certain spirituous liquor to a person to the grand jurors unknown, to be drunk in the yard of him, the defendant, contrary to the statute, &c.

At the *Spring* term, (13th of *March*,) 1849, the Court, on the defendant's motion, dismissed the indictment.

The ground of the dismissal was the want of jurisdiction. At the time the indictment was found, the Court had jurisdiction of the offence. R. S. 1843, p. 979, s. 93.

The ninth section of an act of 1848 enacts, that justices of the peace, in two counties named in that section, shall have *exclusive* jurisdiction over such offences as that described in this indictment. Acts of 1848, p. 16, s. 9. And by an act of 1849, the provisions of the said ninth section of the said act of 1848 are extended to the county of *Decatur*. Acts of 1849, p. 79. The said statute of 1849 was approved in *January*, of that year, and took effect from its passage. That statute virtually repealed the law, as to *Decatur* county, under which the Circuit Court there had previously exercised jurisdiction over offences like the present; and it contained no saving clause as to pending suits. The consequence is, that the Circuit Court of *Decatur* county, in *March*, 1849, when the indictment was dismissed, had no jurisdiction of the offence. The law is settled that a person indicted for an offence created by statute, cannot be convicted after the repeal of such statute, unless the repealing statute have a saving clause as to the pending suits. *Taylor* v. *The State*, 7 Blackf. 93.

The fourth section of the act of the 16th of *January*, 1849, referred to in the argument, has already been held to be a nullity. *Cheezem* v. *The State*, *May* term, 1850 (1).

*Per Curiam.*—The judgment is affirmed.

*J. S. Scobey*, for the state.

*A. Davison*, for the defendant.

(1) See *ante*, p. 149.