Nov. Term,
1858.

GASPAR and Another *v.* THE STATE.

GASPAR
*v.*
THE STATE.   Suit upon a forfeited recognizance taken in a prosecution under the liquor act
of 1853. The affidavit, information, and writ were made part of the com-
plaint, and offered in evidence, over the objection of the defendants, on the
trial. *Held*, that the prosecution was wrongfully instituted, the recognizance
invalid, and the objections to the evidence good.

*Wednesday,*
*February 16,*
1859.   APPEAL from the *Jennings* Court of Common Pleas.

HANNA, J.—This was a suit upon a forfeited recogni-
zance. Answer, a general denial. Judgment for the
amount of the recognizance, &c.

The affidavit, information, and writ upon which the
arrest was made and the recognizance taken, and also the
recognizance, are made a part of the complaint in this
case.

No demurrer was filed.

Upon the trial, the defendants objected to the introduc-
tion of the above-named papers as evidence, on the ground
that there was no law authorizing the prosecution, and the
execution of the recognizance, &c.

The objection was overruled.

The affidavit is dated the 24th of *March*, and the re-
cognizance the 27th of *March*, 1856.

In *Meshmeier* v. *The State*, at this term (1), we have de-
cided that, at the date at which this prosecution was insti-
tuted, and recognizance taken, the law of 1853 upon the
subject of retailing spirituous liquors was not in force.
The prosecution purports to have been instituted under
that law.

The question here is, whether this recognizance, &c.,
was valid.

We have not been referred to any case directly in point,
nor indeed to any authority upon the question. The Su-
preme Court of the *United States* has decided a somewhat
analogous case. *Barton* v. *Pettit*, 7 Cranch, 288. In the
Circuit Court for the district of *Virginia*, a judgment had
been rendered upon a bond called there a "forthcoming-
bond" (styled here a delivery-bond), conditioned that cer-

tain personal property levied on by the marshal, by virtue of an execution issued upon a judgment, &c., should be forthcoming. The condition was broken.

It was not pretended that any error intervened in the rendition of the judgment on the bond; but the judgment upon which the execution had been issued and the bond taken, was reversed, and the Court held that the judgment on the bond should, also, for that reason, be reversed, and that such was undeniably the general doctrine. See, also, *Mills* v. *Conner*, 1 Blackf. 7, and note to that case; *Lovejoy* v. *Bright*, 8 *id*. 206; *Atkinson* v. *Starbuck*, 7 *id*. 420; *Parker* v. *Henderson*, 1 Ind. R. 62; *Martin* v. *Kennard*, 3 Blackf. 430. The case last cited was a suit upon a prison-bounds bond, and it was held that the declaration should aver a state of facts authorizing the execution of the bond.

No offense can be now judicially treated as such unless defined, and the punishment fixed, by statute. 8 Ind. R. 494.—10 *id*. 144.

If, at the time the prosecution in which the recognizance herein was executed was commenced, a statute had been in force authorizing it, and, before trial, that statute had been repealed, without a saving clause of pending prosecutions, such repeal would have operated as a dismissal of the pending proceedings. *Taylor* v. *The State*, 7 Blackf. 93.—2 Ind. R. 75.—*Id*. 659.

So it has been decided that pending suits founded on a statute, are, in many instances, defeated by the repeal of the statute before judgment; as in actions for penalties (*The State* v. *Youmans*, 5 Ind. R. 280; *Thompson, Treas., &c.* v. *Bassett, id*. 535); and that, in a statutory proceeding, the repeal of the statute without a saving clause, pending proceedings under it, defeats the suit; as in attachment. *Stephenson* v. *Doe*, 8 Blackf. 512.

From these analogies we are clearly of the opinion that the prosecution was wrongfully instituted, and the recognizance therein taken invalid; and, therefore, the objection to the evidence should have been sustained.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*L. Bingham*, *C. E. Walker*, and *J. H. Vawter*, for the appellants.