FLAVEL BOWKER & *als.* *versus* JOHN H. LOWELL & *als.*

A collector of taxes is not justified by his warrant in arresting a person not liable to taxation in the town in which the tax is assessed.

A bond given to obtain a discharge from an unlawful imprisonment is obtained by duress, and is void.

ON REPORT.

DEBT upon a bond given to the plaintiffs as assessors of the town of Phipsburg, to obtain the discharge of Lowell from arrest on a warrant for the collection of taxes.

The defendants offered to show that, during the year in which the tax was assessed, Lowell was not an inhabitant of Phipsburg, nor liable to taxation therein, but the presiding Judge excluded the testimony.   The case was thereupon withdrawn from the jury and reported to the full Court, with the agreement that, if the evidence was admissible and

constituted a defence, the action should stand for trial; otherwise, the defendants should be defaulted.

*Bronson & Sewall*, for plaintiffs.

The case is not distinguishable from *Athens* v. *Ware*, 39 Maine, 345.

The defendants did not offer to prove *duress*. For aught that appears in the case, or that the defendants offered to prove, the bond was given voluntarily. If so, it cannot be avoided. *Fellows* v. *School District in Fayette*, 39 Maine, 559.

The arrest did not constitute duress. *Crowell* v. *Gleason*, 10 Maine, 325; *Eddy* v. *Herrin*, 17 Maine, 338.

*Gilbert*, for defendants.

The opinion of the Court was drawn up by

GOODENOW, J.—It is well settled, that a warrant issuing from a court or magistrate having *no jurisdiction* of the case, confers no authority on the officer who executes it. The defence set up is not that the defendant had been overtaxed, but that he was not liable to be taxed at all; that he was not an inhabitant. "The distinction is obvious;" says SHAW, C. J., in *Preston* v. *Boston*, 12 Pick., 12, "resident citizens, being in other respects · qualified, have a voice in assessing taxes, in electing assessors and other officers, and, by means of their powers and immunities, have a security against over-valuation and excessive taxation. But what is more directly to the point is, that one not liable, not domiciled, is not within the *jurisdiction* of the assessors any more than a stranger from another State, who should happen to be lodging at a hotel when the tax was assessed. The whole proceeding, therefore, in regard to him, is without authority *ab initio*." The officer was not justified in making the arrest if the assessors had no jurisdiction of either person or property. There can be no greater sanctity given to their warrant than is allowed to that of a magistrate or court having no jurisdiction, which is none at all.

The only remaining question is, whether the bond was given voluntarily or under duress.

"What shall constitute duress is often made a question. Threat of duress for rent is not such duress, because the party may replevy the goods distrained, and try the question of liability at law. *Knibbs* v. *Hall*, 1 Esp. Rep., 84. Threats of legal process is not such duress, for the party may plead, and make proof, and show that he is not liable. *Brown* v. *McKinley*, 1 Esp. Rep., 279. But the warrant to a collector, under our statute, for the assessment and collection of taxes, is in the nature of an execution, running against the person and property of a party, upon which he has no day in court, no opportunity to plead and offer proof, and have a judicial decision of the question of his liability. Where, therefore, a party not liable to taxation, is called on peremptorily to pay upon such warrant, and he can save himself and his property in no other way than by paying the illegal demand, he may give notice that he so pays it by duress, and not voluntarily, and by showing that he is not liable, recover it back, as money had and received. *Amesbury W. & C. Manufacturing Co.* v. *Amesbury*, 17 Mass., 461."

*A fortiori*, if the bond was given to obtain a discharge from unlawful imprisonment, it was obtained by duress.

In *Athens* v. *Ware*, 39 Maine, 345, the assessors had jurisdiction. Ware resided in Athens. There is nothing stated in the case to show that the tax against him was illegal, and to show that the giving the bond was not a voluntary act.

The defendants offered to prove a legal defence, and *the action must stand for trial.*

TENNEY, C. J., RICE, MAY, DAVIS and KENT, JJ., concurred.