## THE STATE v. HUFFORD *et al.*

1. **Criminal law: FUGITIVES FROM JUSTICE: FORM OF INFORMATION: JURISDICTION.** Chapter 191 of the Revision, providing for the arrest and surrender of fugitives from justice, contemplates that a charge of the crime against the person to be arrested and delivered up must be made in the State where the offense was committed, in the form of an indictment, information or accusation known to the law of such State, before some court, magistrate or officer thereof.

2. —— STATUTE APPLIED: BAIL BOND. It was accordingly *held*, in an action on a forfeited bail bond taken by a justice of the peace for the appearance of the accused at a future day, in a proceeding under an information charging him with the commission of a crime in another State, that the justice had no jurisdiction in the proceeding, and that the bond was therefore invalid, it not being set forth or stated in the information, nor appearing from the evidence that the defendant was thus charged, in the State where the crime was perpetrated, with the commission thereof.

3. —— OBJECTION TO JURISDICTION: ESTOPPEL. It was also held, that the voluntary execution of the bond for the appearance of the defendant did not estop him from urging want of jurisdiction in the justice. The consent of parties in a criminal proceeding will not confer jurisdiction.

*Appeal from General Term, Second District (Monroe County).*

## THURSDAY, JANUARY 6.

THIS case has before been in this court. See 23 Iowa, 579. It is an action upon a bond, the condition of which is as follows:

"Whereas, the above bounden Jeremiah Hufford, is arrested and now in custody of the sheriff of Monroe county, Iowa, by virtue of a warrant issued by Thomas E. Peters, a justice of the peace of Monroe county, aforesaid, on an information filed before said justice, by Robert H. Pollock, accusing him, the said Jeremiah Hufford, of murder in the second degree, committed in Knox county, Illinois, of one L. L. Strayer. Now, if the said Jeremiah shall be and appear before the justice of the peace, at his office in Albia, in said county, on the 25th day of May, 1867, at 2¼ o'clock P. M., to which time this cause is adjourned, and abide the order of said court, and not depart without leave thereof, then this bond shall be void, otherwise in full force."

The petition alleges that the defendant, Jeremiah Hufford, was discharged upon this bond from custody, to appear at the time to which the examination was continued, and assigns as a breach that he did not then, nor at any other time, appear, but made default, and that the default was entered and forfeiture of the bond declared. The answer sets up, as a defense, that defendant, Jeremiah, having been arrested and brought before the justice upon a warrant illegally issued, and held thereon in confinement, was discharged by the justice upon executing, with the other defendant, the bond sued upon; that the bond was executed for no other purpose than the release of said defendant, Jeremiah, from illegal and unjust imprisonment; that no complaint was filed setting forth that he was charged in Knox county, Illinois, with the alleged crime, and that he was not so charged there, before any tribunal of competent jurisdiction.

The cause was tried to the court without a jury, and judgment was rendered for plaintiff. Defendants appealed to the General Term, and the judgment of the District Court was affirmed. They now appeal to this court.

*Perry & Townsend* for the appellant.

*Stuart Brothers* for the appellee.

BECK, J. — The cause was tried upon the following evidence : 1. The information upon which the warrant was issued. It charges substantially that defendant, Jeremiah Hufford, is guilty of the crime of murder in the second degree, committed in Knox county, Illinois, by producing an abortion upon one L. L. Strayer, a pregnant woman, which caused her death. It contains no averment that the accused is charged with the crime in the county and State where it was committed, and contains nothing further than the allegations of the commission of the crime by the accused, and the place, time and manner of its commission. 2. The warrant in the usual form. 3. The docket of the justice before whom the proceedings were had, showing the issuing of the warrant, the arrest and custody of the accused, his application for a continuance of the examination, the order therefor, the approval of the bond, the default of the accused, and the forfeiture of the bond. 4. The bond sued upon. 5. The testimony of the justice that no other information, affidavit, evidence, statement or paper of any kind was presented to or filed with him in the proceedings.

*1. CRIMINAL LAW: fugitives from justice: form of information: jurisdiction.*

We find in the record the deposition of a witness, who testifies that he was, at the time the alleged crime was committed, the coroner of Knox county, Illinois, and that he held an inquest upon the body of a woman named L. L. Strayer, then deceased. He states the facts of the impaneling of a jury, the examination of witnesses as to the cause of the death of the woman, and that the jury rendered a verdict that death was caused by an abortion produced by the accused. He sets out in his deposition a copy of the verdict. This deposition, with that of

another witness, was suppressed, because, as the court held, the evidence contained therein was irrelevant, immaterial and secondary. No objection was made to this ruling by the plaintiff. We cannot determine the sufficiency of this evidence, nor could we, should it be held sufficient, consider it, as it was excluded by the court, without objection.

These depositions answer no useful purpose in the record, further than forming the basis of a supposition that evidence may exist, not used upon the trial, that the accused was, in Illinois, legally charged by the verdict of a coroner's jury with the offense for which he was arrested.

The proceedings were instituted under sections 4523, 4528 of the Revision. The first of the sections is in the following words : " If any person be found in this State charged with any crime committed in any other State or territory, and liable by the Constitution and laws of the United States, to be delivered over upon the demand of the governor thereof, any magistrate may, upon complaint on oath, setting forth the offense and such other matters as are necessary to bring the case within the provisions of the law, issue a warrant to arrest such person." The other sections provide, that if it is found upon examination that there is reasonable cause to believe the complaint true, and that the accused may be lawfully demanded of the governor, he shall, if not charged with murder, be required to enter into an undertaking to appear before the magistrate at a future day, and abide his order.

The undertaking is forfeited by a failure to appear according to its conditions. It was ruled by this court in this case (23 Iowa, 579), that, under the provisions of the statute above cited, the jurisdiction of the magistrate need not appear in the information, but may be presumed upon demurrer to the petition in an action upon the

bond, and that the want of jurisdiction on account of insufficiency of the proceedings may be set up as a defense and proved upon the trial.

It was also ruled, that the accused, being arrested on a charge of murder in the second degree, a bailable offense under the law of this State, was, if the magistrate had jurisdiction, properly admitted to bail upon the undertaking which is the foundation of this action. The first question presented for determination is this: Did the magistrate, as shown by the evidence, have jurisdiction in the case?

The provisions of the statute above cited authorize the arrest of persons "found in this State *charged with any crime committed in any other State or territory*, and liable by the Constitution and laws of the United States to be delivered over upon the demand of the governor thereof," etc. We understand from this language, that, to authorize the arrest, there must be a charge pending against the accused in another State or territory. This construction is made entirely plain by article 4, section 2 of the Constitution of the United States, which is as follows: "A person charged in any State with treason, felony, or other crime, who shall flee from justice and be found in another State, shall, on demand of the executive authority of the State from which he fled, be delivered up, to be removed to the State having jurisdiction in the cause."

The act of congress, 12th February, 1793, section 1, providing for the removal of fugitives from justice from a State where found to the State where the crime was committed, prescribes that the executive authority demanding the fugitive shall present an indictment or affidavit charging the accused with the crime, with his demand upon the governor of the State, where the fugitive is found, for his return. The provision of our statute, above quoted, provides for the arrest of persons, who " are liable by the

Constitution and laws of the United States to be delivered," upon the demand of the executive of the State where the alleged crime was committed. The Constitution and statute of the United States, as it appears by the provisions above cited, require the accused to be delivered up when charged with the crime in the State where it was committed. It is quite clear that our statute, being enacted in aid of the foregoing constitutional and statutory requirement of the United States, contemplates that a charge of the crime against the person to be arrested and delivered up must be made in the State where the offense was committed.

This charge must be made to some court, magistrate or officer, in the form of an indictment, information, or other accusation, known to the law of the State in which the offense was committed. We conclude, therefore, that, unless the accused in this case was so charged, the magistrate had no jurisdiction. *Ex parte Smith*, 3 McLean, 121; *Ex parte Clark*, 9 Wend. 212; *Matter of Hayward*, 1 Sandf. 701.

The evidence upon which this case was tried contains no proof that the accused was *charged* with the crime in Illinois, where it is alleged to have been committed. The jurisdiction of the magistrate is neither averred in the complaint or information, nor shown by the evidence; it cannot be presumed. We must regard the proceedings, therefore, as void.

It is argued that defendants are estopped to deny the jurisdiction of the justice because they voluntarily exe-3. —— objection cuted the bond. The consent of parties, in a
to jurisdiction.
estoppel. criminal proceeding, will not confer jurisdiction. The voluntary execution of the bond, in this case, could not. If jurisdiction was wanting, the magistrate had no authority to take the bond, for there was,

in the view of the law, no case before him, all the proceedings therein, including the bond, being void and held for naught.

Reversed.