## WHITEHURST *v.* THE STATE.

CRIMINAL LAW.—*Conviction after Repeal of Law.*—The act of February 27th, 1873 (Acts 1873, p. 151), to regulate the sale of intoxicating liquors, contains no provision saving prosecutions pending at the time of its passage, and as it repealed all laws in conflict with any of its provisions, a judgment rendered in such an action for a violation of the previous law is without foundation, even if rendered on a plea of guilty.

From the Allen Criminal Circuit Court.

*L. Newberger* and *J. A. Holman,* for appellant.

*J. C. Denny,* Attorney General, for the State.

OSBORN, J.—On the 8th day of February, 1873, the grand jury returned into open court an indictment against the appellant, for retailing intoxicating liquor without license. On the 27th of the same month, an act to regulate the sale of intoxicating liquors, etc., was approved. Acts 1873, p. 151. On the 12th day of March following, the defendant appeared in open court and pleaded guilty, and a fine of ten dollars was assessed against him, and a judgment rendered thereon in the usual form. On the 14th day of the same month, and at the same term of the court, the appellant moved the court to set aside the judgment. His motion was overruled, and he excepted.

The errors assigned are:

1st. In overruling the motion to set aside the judgment.

2d. In rendering the judgment against him.

The act of February 27th, 1873, repealed all laws in conflict with any of its provisions. Sec. 20, p. 157, Acts 1873. The act in force when the offence was committed, and under which the indictment was found, had therefore been repealed before the conviction of the appellant.

In *Taylor* v. *The State*, 7 Blackf. 93, it is said: "No principle is better settled than that a conviction can not take place after the repeal of a violated law, unless the repealing act contain a provision for that purpose." *Sprigs* v. *The State*, 2 Ind. 75; *The State* v. *Loyd*, 2 Ind. 659.

The act of 1873 contains no provision saving prosecutions then pending. The result is, that the judgment was rendered without any law for it to rest upon. In such a case and under such circumstances, it can make no difference that the judgment was rendered on a plea of guilty.

The judgment of the said Allen Criminal Circuit Court is reversed. The cause is remanded, with instructions to said court to set aside said judgment and permit the appellant to withdraw his plea of guilty, and discharge him from further prosecution or custody on said indictment.