## JOSEPH *v.* BURK.

INJUNCTION.—*Collection of Judgment.*—The collection of judgments on fines assessed for violation of a criminal statute cannot be enjoined on the ground that the judgments are void on their face, for want of jurisdiction of the court, because there were no valid affidavits upon which the prosecutions were based, because the judgments do not describe any offences against the laws of the State, or because the law for the violation of which the fines and judgments were rendered was repealed after the judgments were rendered.

From the Hamilton Circuit Court.

*J. W. Evans* and *R. R. Stephenson*, for appellant.

Downey, C. J.—On the 16th day of January, 1873, six several judgments were rendered against the appellant for a fine and costs for violation of the temperance law of March 5th, 1859, 1 G. & H. 614, by and before one Jacob B. Loehr, a justice of the peace of Hamilton county. On the 18th day of April, 1873, the appellant filed his complaint in this case, to which he made the justice of the peace a party, seeking to enjoin him from issuing executions on the judgments for their collection. The judgments were all rendered upon a plea of guilty, and had been replevied. The grounds upon which the relief is sought are:

1. That the judgments are void upon their face.

2. That the justice of the peace had no jurisdiction of the offences.

3. Because there were no valid affidavits filed with the justice of the peace upon which to base the judgments.

4. The judgments do not describe any offence against the laws of the State for which the justice had a right to assess a fine.

5. Because said fines and costs were all assessed and taxed against this plaintiff, as appears by the copies of the same filed with the complaint, on the 16th of January, 1873, for retailing intoxicating liquors without license, while all the laws in force in this State on said 16th day of January, 1873, against selling intoxicating liquors, or regulating their sale, have since that time been repealed by legislative enactment.

The defendant demurred to the complaint for the reason that it did not state facts sufficient to constitute a cause of action. His demurrer was sustained, and there was final judgment for the defendant. This is the ruling of the court which is assigned as error. Burk has come into the case as the successor in office of Loehr, since the case has been in this court.

If a statute on which a criminal prosecution is founded be repealed while the action is pending, and before judgment, there can be no judgment rendered in the case unless there is a saving clause in the act by which the pending action may proceed to judgment. *The State* v. *Loyd*, 2 Ind. 659; *Taylor* v. *The State*, 7 Blackf. 93; *Hunt* v. *Jennings*, 5 Blackf. 195; *Spencer* v. *The State*, 5 Ind. 41; *Gaspar* v. *The State*, 11 Ind. 548; *Spriggs* v. *The State*, 2 Ind. 75.

But this is not such a case. Here the judgments had been rendered before the repeal of the statute upon which the cases were founded.

The law was valid and in full force when the judgments were rendered. For the infraction of the law, the defendant had forfeited, and has been adjudged to pay to the State, cer-

tain sums of money. The right of the State to have from the defendant these sums of money was fixed and finally determined by the judgments. It no longer depended upon the existence or non-existence of the law for the violation of which the fines had been imposed. The amounts had become debts due from the defendant to the State, existing independent of the particular statute for the violation of which the judgments were rendered. 3 Bl. Com. 378 and 379, original paging, and *Cassel* v. *Scott*, 17 Ind. 514.

We do not think the collection of the judgments can be enjoined on any of the grounds mentioned in the complaint.

The judgment is affirmed, with costs.

PETTIT, J., dissents.

Opinion filed November term, 1873; petition for a rehearing overruled May term, 1874.

*J. W. Evans* and *R. R. Stephenson,* for appellant.