ROUSH *v.* MORRISON.

REPEAL OF LAWS.—*Saving Clause.*—A repealing act with a saving clause can not revive a liability that has been extinguished by a repealing act without saving clause.

SAME.—*Ditching Company.*—By the act approved March 11th, 1867 (3 Ind. Stat. 228), to enable the owners of wet lands to drain and reclaim them, etc., the act of June 4th, 1861 (Acts Special Session 1861, p. 83), and the act of March 7th, 1863 (Acts 1863, p. 30), on the same subject, were absolutely repealed; and all rights of action, under said acts, upon any assessment of benefits, were taken away, and were not revived by the subsequent repeal of the act of 1867 by the act of 1869 (3 Ind. Stat. 222).

From the Wells Common Pleas.

*S. Claypool, J. L. Mitchell,* and *W. A. Ketcham,* for appel-lant.

*R. S. Taylor,* for appellee.

BUSKIRK, C. J.—This was an action by the appellant against the appellee, upon an assessment of benefits for the con-

struction of a ditch, under the act of March 7th, 1863. See Acts 1863, p. 30.

The errors assigned by the appellant call in question the correctness of the ruling of the court below in overruling demurrers to the second and fourth paragraphs of the answer.

The cross error assigned by appellee is based upon the action of the court below in overruling a demurrer to the complaint; and under this assignment counsel for appellee has discussed the constitutionality of the act under which the proceedings in this case were had.

The conclusion at which we have arrived renders it unnecessary for us to consider or decide any of the questions discussed by counsel.

The act of June 12th, 1852, entitled "an act to authorize the construction of levees and drains," provided for the creation of an association or corporation for the purpose indicated in the title of the act. 1 G. & H. 303.

The act of June 4th, 1861 (see Acts Special Session, p. 83), authorized any person or persons owning any swamp or wet lands to drain the same, in the manner therein prescribed.

The act of March 7th, 1863 (see Acts 1863, p. 30), provided that any person, not a body corporate, who may be interested in constructing any levee, drain, etc., which affected the lands of others, might proceed in the manner therein pointed out.

The first section of the act of March 11th, 1867, 3 Ind. Stat. 228, is an exact copy of the first section of the act of March 7th, 1863; but the other sections provide quite a different mode of proceeding to accomplish the purpose indicated in the first section. The fifteenth section of the act of March 11th, 1867, provides, that "all laws or parts of laws coming in conflict with any of the provisions of this act be and the same are hereby repealed." 3 Ind. Stat. 231.

The act of 1869, 3 Ind. Stat. 222, entitled "an act to authorize and encourage the construction of levees, dikes and drains, and the reclamation of wet and overflowed lands

by incorporated companies, and to repeal all former laws relating to the same subject," has a saving clause in the section repealing conflicting and former laws on the same subject.   Section 17 of such act is as follows :

"Sec. 17.  All laws contravening or conflicting with any of the provisions of this act, and all laws now or at any time heretofore in force relating to incorporated companies or associations for constructing levees and drains, are hereby repealed; but all actions now pending, and all rights of action which have accrued under any law hereby repealed, may be prosecuted to final judgment in the same manner as if such law had not been repealed; and all corporations heretofore organized, and now existing under any law hereby repealed, and the several members thereof shall be entitled to the benefits and privileges conferred, and subject to the liabilities and restrictions imposed by this act: *Provided*, that nothing in this act contained shall be held or construed to modify or repeal in whole or in part, an act entitled, ' an act to enable the owners of wet lands to drain and reclaim them, when the same can not be done without affecting the lands of others, prescribing the powers and duties of county boards and county auditors in the premises, and repealing all laws inconsistent therewith,' approved March 11th, 1867."

The statute of 1867 covers the whole subject-matter of the acts of 1861 and 1863, and makes different provisions, and such acts, being inconsistent with the provisions of the act of 1867, were included within the repealing clause of such act, and were repealed thereby.

There was no clause in the act of 1867 saving pending suits or rights which had accrued, or which might thereafter accrue, under such statute.   The repeal was absolute.   As the plaintiff's right to recover depended entirely upon the statute, its absolute repeal took away all right to proceed thereunder, and deprived the court below of all jurisdiction of the subject-matter of the action.   *Norris* v. *Crocker*, 13 How. U. S. 429; *Insurance Company* v. *Ritchie*, 5 Wal. 541;

*Taylor* v. *The State,* 7 Blackf. 93 ; *The State* v. *Loyd,* 2 Ind. 659 ; *Stephenson* v. *Doe,* 8 Blackf. 508 ; *The State* v. *Youmans,* 5 Ind. 280 ; *Thompson* v. *Bassett,* 5 Ind. 535 ; *Gaspar* v. *The State,* 11 Ind. 548.

The statute of 1863 having been repealed in 1867, without any saving clause, all right of action was taken away, and it was not competent for the legislature of 1869 to revive such right of action by the saving clause in the section repealing all conflicting and former legislation on the subject. The saving clause can only operate upon existing rights. The saving clause in such act only applied to such acts as were then repealed. And such act only repealed such laws as provided for the organization of associations and corporations, and did not repeal laws authorizing individuals to drain, etc. The acts of 1861 and 1863, having been repealed by the act of 1867, the repealing and saving clause in the act of 1869 had no application to such acts. The entire act of 1867 is continued in force by the act of 1869, and this included the section repealing all laws inconsistent therewith. It has been expressly decided by this court that a repealing act can not renew a liability that has already been extinguished. *Stipp* v. *Brown,* 2 Ind. 647 ; *Right* v. *Martin,* 11 Ind. 123.

In our opinion, all the proceedings taken under the act of 1863, subsequent to the taking effect of the act of 1867, were null and void, and that the court below possessed no jurisdiction of the subject-matter of the action, as it was expressly alleged in the complaint that the suit was being prosecuted under and in pursuance of the act of 1863, and the court was bound to know that such act had been repealed.

The judgment of the court below is affirmed, with costs.