### SUESS v. NOBLE, Justice of the Peace, and others.

#### (*Circuit Court, S. D. Iowa.* August, 1887.)

INJUNCTION—RESTRAINING CRIMINAL PROSECUTION.

No power exists in any court of equity to interfere by injunction with the prosecution and punishment of crimes and offenses in the courts of common law.

The original cause of *State* v. *Suess* was removed from the district court of Jefferson county, Iowa, to this court upon the petition of said Suess, and the same is now pending here. The transfer was made in pursuance of the decision of the circuit judge, BREWER, in the case of *State* v. *Walruff*, 26 Fed. Rep. 178. The purpose of that proceeding was to have the brewery owned and maintained by said Suess declared a nuisance, and as such perpetually enjoined and abated. A temporary restraining order, which is still in full force, was issued from this court, the purpose of which was to restrain certain persons, who were carrying on the civil proceedings in the state court, from prosecuting the same to the injury and virtual destruction of the property pending the determination of the question of the jurisdiction of this court over the subject-matter of the said original suit. Lewis Suess now presents his petition to this court against the above-named defendants and others, alleging that they are engaged in commencing and carrying on many criminal prosecutions against him before certain justices of the peace "for each separate sale of beer at his brewery," and that they propose "to place him on trial and find him guilty of selling intoxicating liquors, and to impose upon him heavy fines for said alleged offenses," etc. He also states, in a supplemental petition, that he was indicted at the January term of the district court of said county for the alleged crime of causing a nuisance by the sale of beer at his brewery; that he was convicted of said alleged offense, and that he has taken an appeal to the supreme court of

Iowa upon the federal question as to the constitutionality of the prohibitory law, etc. The prayer of his petition is that this court issue an injunction restraining said defendants from the prosecution of said criminal suits in violation of his rights respecting the subject-matter of the action now pending in this court until the final determination of the same.

*Moses McCoid*, for petitioner.

*Rollin J. Wilson*, for respondents.

LOVE, J. Thus the proceeding now before me is in the nature of an application to restrain the defendants by injunction from the prosecution of sundry criminal proceedings against the plaintiff under the prohibitory law. It is alleged, and no doubt truly, that if the defendants be permitted to vex and pursue the plaintiff with numberless criminal prosecutions before justices of the peace and other state tribunals, the plaintiff will be compelled to abandon his business, and that his brewery property will be rendered useless and valueless. We are thus brought face to face with the question whether or not a court of equity has any power to interfere, by injunction or otherwise, with the enforcement of the criminal laws of the state. I have repeatedly announced orally from the bench in this class of cases that no such power exists. I shall in another cause, (*Wagner* v. *Drake, ante,* 849,) which was heard simultaneously with the present case, consider the peculiar relations of the federal to the state courts with respect to the power of the former to restrain civil proceedings in the state courts. I purpose at present to consider the more general question of the power of courts of equity, state or federal, to interfere at all with the administration of criminal justice, whether of the state or federal government.

That no such power exists,—that its exercise has been denied in both England and this country for centuries,—is beyond question. This will be placed beyond all doubt by the authorities cited below. Whoever will for a moment consider the nature and grounds of equity jurisdiction will not fail to see insuperable objections to the exercise of any restraining power whatever in equity over the course of criminal proceedings. The fundamental doctrine of equity jurisdiction is that it can proceed only where there is no plain, adequate, and complete remedy in the courts of common law. This principle is coeval with the system of equity itself. It was always upon this ground that the courts of equity in England assumed jurisdiction in civil causes. The principle was enacted into positive law by the congress of the United States in the judiciary act of 1793, (1 St. at Large, 82.) It is re-enacted in Rev. St. § 723, in these words: "Suits in equity shall not be sustained in either of the courts of the United States in any case where a plain, adequate, and complete remedy may be had at law."

Upon what ground, then, do courts of equity assume jurisdiction in any case whatever? It is upon the ground that no adequate remedy at law exists, and that injustice would be done if the court of equity did not interfere to give a better remedy than the courts of common law are, by their very constitution, competent to administer. It would therefore

be preposterous for equity to assume jurisdiction, and especially to interfere with actual proceedings at law, in cases where a court of equity is utterly incompetent to give any remedy whatever. For a court of equity to interfere by staying proceedings at law, where there is some remedy, however imperfect, and then stand paralyzed and utterly impotent to remedy the assumed evil and injustice, would be the very height of legal absurdity.

Now, every lawyer knows that a court of equity is utterly incompetent, by its very nature and constitution, to give any remedy whatever in criminal cases. In such cases it is simply powerless. It can hear and determine nothing. It can neither acquit nor condemn the offender. It can pronounce no decree concerning the offense. It cannot pardon or release the offender. Public offenses must be tried by jury, and the trial by jury is unknown to the system of equity. For equity to interfere by arresting the processes of the common law, while impotent to give any remedy of its own, would be like the folly of tearing down one's house, because it should afford but imperfect shelter, without ability to replace it with any other structure whatever.

Again, public offenses are prosecuted in England in the name of the king, and in the United States in the name of the state. It is manifest that neither the king nor the state could be made a defendant to a bill in equity. The restraining power of the court would be futile as against them; and it would avail nothing for the court to address its restraining process to public and private prosecutors, even if the power to do so existed, since the state would readily find other agents to represent it in the criminal proceeding. Courts of equity, therefore, deal only with civil and property rights. They have no jurisdiction to give relief in criminal cases, and they will not, therefore, interfere by injunction with the course of criminal justice. *Kerr* v. *Corporation of Preston,* 6 Ch. Div. 463; *Saull* v. *Browne,* 10 Ch. App. 64; *Moses* v. *Mayor,* 52 Ala. 198; *Joseph* v. *Burk,* 46 Ind. 59; *Gault* v. *Wallis,* 53 Ga. 675.

In *Holderstaffe* v. *Saunders,* 6 Mod. 16, Lord HOLT is reported to have said: "Surely chancery will not grant an injunction in a criminal matter under examination in this court, and that if they did this court would break it, and protect any that would proceed in contempt of it." *Montague* v. *Dudman,* 2 Ves. Sr. 398. See, particularly, what that great equity judge, Lord HARDWICKE, says in this case. See, upon this subject, High, Inj. § 68, where the cases are collected and cited.

The same doctrine is applicable where the court of equity has already jurisdiction of the parties and the subject-matter concerning which the criminal action exists. Where, therefore, a bill has been filed for relief in equity, the court will not enjoin the plaintiff in that suit from carrying on criminal proceedings against the same defendant, concerning the same subject-matter. *Saull* v. *Browne,* 10 Ch. App. 64. The same is true of proceedings of a *quasi* criminal character. *Moses* v. *Mayor,* 52 Ala. 198; and see *Davis* v. *American Soc.,* 75 N. Y. 362; *Stuart* v. *Supervisors,* 83 Ill. 341; *Joseph* v. *Burk,* 46 Ind. 59; *Gault* v. *Wallis,* 53 Ga. 675.

Since, therefore, the want of power in equity to interfere in criminal proceedings is general, and without reference to the separate jurisdictions of the federal and state courts, it is unnecessary in this case to consider the effect of the 720th section of the Revised Statutes of the United States, providing that "the writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a state except in cases where such injunction may be authorized by law relating to proceedings in bankruptcy."

I purpose to consider the effect and the limitations of this section in deciding the applications which have been submitted to restrain certain civil proceedings in the state courts under the prohibition law. The application in the present case is denied.