STATE OF MINNESOTA v. A. A. BARTLETT and Others.[1]

November 23, 1897.

Nos. 10,768—(25).

**Criminal Law—Admission to Bail—Authority of Justice of the Peace —G. S. 1894, § 7140.**

A justice of the peace before whom a preliminary examination under the provisions of G. S. 1894, c. 106, is in progress, has no authority to admit the accused to bail pending an adjournment of the hearing, as provided for in section 7140, where the accused is charged with an offense punishable with death or imprisonment in the state prison for a term exceeding seven years.

Action against the principal and sureties upon a recognizance for $500, conditioned that defendant Bartlett appear at an adjourned hearing of his examination before a justice of the peace upon a criminal charge of rape. From an order of the district court for Pipestone county, P. E. Brown, J., overruling the demurrer to the complaint and ordering judgment for plaintiff, defendants appealed. Reversed.

*F. L. Janes*, for appellants.

*D. W. Evans*, County Attorney, and *C. W. Gilmore*, for the State.

COLLINS, J.

The question here is whether a justice of the peace, before whom a defendant, arrested on a criminal warrant and charged with a felony punishable by imprisonment in the state prison for a term exceeding seven years, is brought, has the power to admit such defendant to bail pending an adjournment of the preliminary examination provided for in G. S. 1894, c. 106. The question arises upon a general demurrer to a complaint, brought in an action upon a bond or recognizance executed by the defendant and two sureties and approved and accepted by a justice upon the continuance of an examination, the defendant having afterwards failed to appear in compliance with the condition found in the bond or recognizance.

[1] Reported in 72 N. W. 1067.

It is conceded by the state that no action will lie to recover upon this instrument if the justice was without authority to accept it.

An examination of the history of several of the sections found in chapter 106 will, we think, throw considerable light upon the subject, and aid us in properly construing them.

It seems that sections 7135, 7148 and 7149, in their present form, substantially existed prior to the compilation known as the Public Statutes of 1849–1858, and in that compilation were designated as sections 4, 17 and 18 of chapter 103. Section 7135 provides for entering into a recognizance by the accused before a magistrate of the county in which the arrest is made (if the accused so elects) in all cases where the offense charged is not punishable by death or imprisonment in the state prison. It has no bearing on the question now before us, for defendant Bartlett was charged with the commission of a state-prison offense. Section 7148 enacts that persons charged with an offense punishable with death shall not be admitted to bail when the proof is evident or the presumption great. Nor shall any person charged with an offense punishable with death or with imprisonment in the state prison for a term exceeding seven years be admitted to bail by a justice of the peace. It further provides that in all other cases bail may be taken by the examining magistrate in such sum as will secure the appearance of the accused at the court where he is to be tried.

It is to be observed here that this section in emphatic words prohibits a justice from admitting to bail any person charged with an offense punishable with death or imprisonment in the state prison for a term exceeding seven years; and, further, that this prohibition is not confined in terms to cases where an examination has been had and the accused has been held to await the action of a grand jury. It includes all persons charged with an offense punishable with death or imprisonment to exceed seven years, not alone those whose examinations have resulted in their commitment under section 7149. And it also confers authority upon justices in all other cases to accept bail for the appearance of the accused at the court where he is to be tried, not alone for his appearance in district court to answer to an indictment, if one shall be found. This lan-

guage is broad enough to cover any bail bond or recognizance which may be given pending a preliminary examination.

Section 7149 applies where upon examination it appears to the magistrate that an offense has been committed and that there is probable cause to believe the accused guilty. If the offense is bailable by the examining magistrate and sufficient bail is offered, it shall be accepted and the prisoner discharged. But if no sufficient bail is offered or if the examining magistrate is without authority to accept bail, the prisoner is committed for trial. Subsequent proceedings are under section 7163, which in its present shape is an amendment, in 1866, of P. S. 1858, c. 103, § 23.

Now, when we investigate the history of G. S. 1894, § 7140, which provides for the adjournment of an examination from time to time as occasion requires, and in such case further provides that, if the accused "is charged with an offense not bailable," he shall be committed in the meantime, but in other cases may be admitted to bail by the magistrate, we discover that prior to the revision which resulted in G. S. 1866, c. 106, § 9, the words above quoted were no part of the law, but in lieu thereof were the words "is charged with a capital offense." P. S. 1858, c. 103, § 9. So that up to the enactment in 1866 of what is now section 7140, a justice of the peace when acting as an examining magistrate had full power in every case to admit prisoners to bail upon continuing or adjourning an examination, except where the accused was charged with a capital offense, although he was strictly prohibited by P. S. 1858, c. 103, § 17 (now G. S., supra, § 7148), from accepting bail in cases where the offense charged was punishable with death or imprisonment for a term exceeding seven years.

The incongruity and lack of any reasonable harmony in these two sections, as they existed prior to the change or amendment in 1866, is obvious. Pending an examination the power of the justice to admit to bail was not limited except where capital offenses were charged. When the examination closed, the justice could not accept bail if the offense charged was punishable by imprisonment in the state prison for a term exceeding seven years. The unreasonableness of this distinction and the incongruity of these two sections suggested, we have no doubt, that there should be an amend-

ment which would render both sections reasonably harmonious in language, spirit, and operation; and this led to the substitution of the words "is charged with an offense not bailable" for the words "is charged with a capital offense."

The phrase "is charged with an offense not bailable" in section 7140, must be construed as embracing and having reference to all offenses not bailable by or before the magistrate conducting that particular examination. Construing the phrase in this way reconciles and harmonizes all of the provisions relating to bail found in chapter 106, and no other construction will. In addition to this is the fact that, should we construe section 7140 as contended for by the state, we should have to admit that, pending a preliminary examination, a justice of the peace would have authority to accept bail under sections 7140 and 7148, where persons were charged with offenses punishable with death in all cases except "where the proof is evident or the presumption great." A justice of the peace ought not to be clothed with such authority by construction of a doubtful statute. Our conclusion is that the justice who accepted the bond and admitted the defendant to bail was without authority so to do.

Order reversed.