[No. 5741. Decided November 25, 1905.]

THE STATE OF WASHINGTON, *on the Relation of W. S. Grass
et al., Appellant,* v. S. C. WHITE, *as Justice of
the Peace, et al., Respondents.*[1]

APPEAL—BONDS—CONSTRUCTION—APPEAL OR SUPERSEDEAS—SUFFI-
CIENCY—DISMISSAL. An appeal from a judgment forfeiting a bail
bond, which could not be, and was not attempted to be, superseded,
will not be dismissed because the bond on appeal in the sum of $200
contained language making it in form an appeal and supersedeas
bond.

EXTRADITION—ARREST — WARRANT — GROUNDS AND PREREQUISITES
FOR ISSUANCE—STATUTE—CONSTRUCTION — COMPLAINT — SUFFICIENCY.
Bal. Code, § 7017, providing for the arrest and detention of a person
charged with crime in another state, upon demand of the executive
of such state, and upon complaint under oath setting forth the
offense, requires a legal charge of crime made in the state having
jurisdiction of the offense; and a person cannot be arrested and held
in this state upon an unauthenticated warrant from another state
and a complaint filed in a court of this state reciting that the party
is a fugitive from justice.

BAIL — UPON UNLAWFUL ARREST — CASH DEPOSIT — FORFEITURE—
TITLE. Where a party is arrested without authority of law, or any
legal charge made against him, and is entitled to his discharge as a
matter of right, a cash deposit in lieu of bail is an involuntary act
and without consideration and the magistrate having obtained pos-
session of the money unlawfully, neither he nor the public authori-
ties can retain it as against the party making the deposit.

Appeal from a judgment of the superior court for Lewis
county, Rice, J., entered March 27, 1905, dismissing on the
merits a petition for a writ of certiorari to review a judgment
of a justice of the peace, forfeiting bail money deposited in
lieu of a bail bond in extradition proceedings, upon failure
of the accused to appear.    Reversed.

*W. W. Langhorne* and *Forney & Ponder,* for appellant.

*J. R. Buxton, A. J. Falknor* and *Reynolds & Stewart,* for
respondents.

1 Reported in 82 Pac. 907.

Root, J.—This is an appeal from a judgment dismissing a petition for a writ of certiorari, and affirming a judgment of forfeiture rendered by a justice of the peace in a proceeding on behalf of the state against one Daniel Grass, preliminary to extradition. The facts involved were about as follows: The sheriff of Lewis county received a letter couched in the following language:

"Mr. W. H. Urquhart, Chehalis, Wash.

"Dear Sir:—Enclosed please find warrant for Daniel Grass, which will enable you to file a complaint and have a fugitive warrant issued, on which you can arrest him and hold him until I can come and get him. As soon as you arrest him wire me and I will come with necessary papers. Hoping you will succeed, I remain yours, Frank Deist."

The "warrant" referred to in said letter purported to be a warrant issued by one G. W. Hendricks, a justice of the peace of Labette county, in the state of Kansas. Neither the warrant nor the signature thereto was certified or in any manner authenticated. The document recited that a complaint had been made before said justice charging said Grass with a certain felony. Upon receiving this letter with said purported warrant inclosed, the sheriff of Lewis county filed a complaint with S. C. White, one of the justices of the peace in and for said county, and said magistrate thereupon issued a warrant for the apprehension of said Grass as a fugitive from justice, and the latter was by the sheriff arrested and brought before said court. The complaint filed by the sheriff and upon which the warrant was issued did not recite that any indictment, information, or complaint of any kind had ever been made, filed, or entered against said Grass in the state of Kansas, or that said Grass was in any manner charged with any crime in said state. When Grass was brought before Justice White, the hearing was continued until a future date, and his bail bond was fixed in the sum of $1,500. In lieu of this bail bond, a cash deposit was made by W. S. Grass,

36—40 WASH.

the father of said Daniel Grass, and the latter was thereupon admitted to liberty, the condition of the deposit being that he should appear at the time and place to which the hearing had been adjourned. On the day to which the hearing had been continued, said Daniel Grass failed to appear, and thereupon the justice proceeded to and did declare said bail money forfeited. These relators thereafter, in the superior court, sued out a writ of review or certiorari to said Justice White, and sought to have the action of said justice in declaring a forfeiture of said bail money set aside and held for naught. From a judgment denying relators relief, this appeal is taken.

A motion is made to dismiss the appeal, for the reason that the appeal bond, being only in the sum of $200, contains language making it in form an appeal and supersedeas bond. The bond is entitled "appeal bond," and it is evident that its purpose was solely to perform the functions of an appeal bond. It was never used, or sought to be used, as a supersedeas. This is not an appeal from a money judgment, nor is there anything in the order or judgment of the superior court that could be superseded. It should not be the practice of an appellate court to dismiss appeals for technical reasons unless such course be imperative under the requirements of the statute. In the case of *Westland Pub. Co. v. Royal,* 36 Wash. 399, 78 Pac. 1096, in discussing a motion to dismiss an appeal, this court spoke as follows:

"It is not the policy of our law to deprive a litigant, upon merely technical grounds, of the right to have his cause tried and determined upon its merits."

The motion to dismiss the appeal is overruled.

Upon the merits, it is urged by appellants that there was no authority for requiring a bail bond, and consequently no consideration for the deposit of the bail money which was made in lieu of such bond. This contention is made upon the ground that the complaint sworn to by the sheriff before Justice White was fatally defective for the reason that it

did not allege that Grass had been charged in another state with a crime. Bal. Code, § 7017, provides how a fugitive may be complained against and arrested in this state. It says:

"Whenever any person shall be found within this state charged with an offense committed in any state or territory, and liable by the constitution and laws of the United States to be delivered on the demand of the executive of such state or territory, any court or magistrate authorized to issue warrants in criminal cases may, upon complaint under oath setting forth the offense, and such other matters as are necessary to bring the offense within the provisions of law, issue a warrant to bring the person so charged before the same or some other court or magistrate so authorized within the state, to answer such complaint as in other cases."

Section 7018 provides for the examination of such arrested person, and points out how he may be required to recognize to appear before the court or magistrate at a future day. It is also contended by appellants that the justice had no authority of law to accept cash bail in a proceeding of this kind instead of the bond mentioned in the statute. Other objections are also urged; but in view of our conclusion upon the first proposition mentioned, it will be unnecessary to discuss any other.

It would seem, from a reading of the statute and from an examination of the authorities bearing upon procedure of this kind, that the warrant for the apprehension in this state of a fugitive from another state must be based upon a complaint showing that said person is under a legal charge of crime in such other state. A complaint made and filed in this state charging a person here with having committed a crime in another state is not a legal charge of crime as that expression is commonly understood in criminal jurisprudence. A legal charge of crime, as contemplated in our extradition statutes, means one made in that state having jurisdiction to try the offense, and from which the fugitive has fled. Hence, it follows that the complaint made before justice of the peace

White was insufficient to justify the issuance of a warrant, or to in any manner authorize the apprehension or detention of said Grass. Such restraint being without justification, the justice could not legally demand of him a bond or a cash deposit as a prerequisite to his release. He was entitled to his liberty as a matter of right, and was not called upon by the law to furnish any recognizance. Being, however, restrained from exercising this right except upon condition of his furnishing a bond or cash bail, the deposit of said bail money was an involuntary act on his part or in his behalf. The justice having obtained possession of such money without authority of law, neither he nor the county nor the state acquired any title therein, or right of possession, as against relators, thereto. The title and right to possession of this money remained in the party who deposited it.

In the case of *In re Foye,* 21 Wash. 250, 57 Pac. 825, this court, speaking by Anders, J., with reference to the authority requisite to extradite a fugitive from justice, employed this language:

"It will be observed that there are three things requisite in order to authorize the executive authority of a state to extradite a fugitive from justice, and they are these: First, the accused must be demanded as a fugitive from justice by the executive of the state from which he fled; second, such demand must be accompanied by a copy of an indictment found, or an affidavit made, before a magistrate charging the fugitive with having committed a crime in the demanding state; and third, such copy of the indictment or affidavit must be certified by the executive of the demanding state to be authentic. An extradition warrant, in order to be valid, should show upon its face a compliance with these requisites and necessary conditions."

In the case of *Smith v. State,* 21 Neb. 552, 32 N. W. 594, the supreme court of Nebraska, in passing upon a statute similar to ours, said:

"The word 'charged' in the statute contemplates that the person arrested and delivered up committed the offense in

another state and is in such state charged, either by indict-
ment, information, or accusation known to the law of such
state before some court, magistrate, or officer thereof."

See, also, *Ex parte Hart,* 63 Fed. 249; *Commonwealth v.
Dennison,* 24 How. 66, 16 L. Ed. 717; *Forbes v. Hicks,* 27
Neb. 111, 42 N. W. 898; *People ex rel. Lawrence v. Brady,*
56 N. Y. 182; *Ex parte Lorraine,* 16 Nev. 63; *Matter of
Leland,* 7 Abb. Pr. (N.S.) 64; *State v. Hufford,* 28 Iowa
391; *Kurtz v. State,* 22 Fla. 36, 1 Am. St. 173. In the
case of *State v. Swope,* 72 Mo. 399, the supreme court of
Missouri, in a case similar to the one at bar, said:

"If, as we have seen, the justice had no jurisdiction to
issue the warrant, nor to take the recognizance, or what
amounts to the same thing, no jurisdiction affirmatively ap-
pears on the face of his proceedings, the giving of the recog-
nizance could not be regarded as voluntary, nor as conferring
a jurisdiction not previously possessed. *State v. Hufford,*
28 Iowa 391; *U. S. v. Horton's Sureties,* 2 Dill. 94."

See, also, *Watkins v. Baird,* 6 Mass. 506, 4 Am. Dec. 170.

The judgment of the honorable superior court is reversed,
and the cause remanded, with instructions to enter a judg-
ment and decree holding for naught the action of the justice
of the peace in declaring said bail money forfeited.

MOUNT, C. J., CROW, DUNBAR, RUDKIN, and HADLEY, JJ.,
concur.