## MELTON v. STATE.

No. 4455.   Opinion Filed May 18, 1915.

(149 Pac. 154.)

**BAIL — Forfeiture — Validity—Misdemeanor.** When an information charging a criminal offense, the jurisdiction of which is exclusively in the county court, is filed in the justice of the peace court, and a preliminary examination is had, and the defendant is held under a bail bond to answer in the district court, and the bond is there forfeited, both the taking of the bond and the forfeiture is wholly void, and a demurrer to the petition against the surety upon said forfeited bail bond should be sustained.

(Syllabus by Mathews, C.)

*Error from District Court, Ottawa County;*

*Preston S. Davis, Judge.*

Action by the State against J. H. Melton. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions to sustain demurrer to the petition.

*A. N. Whiteside,* for plaintiff in error.

*Ray McNaughton,* Co. Atty., and *E. C. Fitzgerald,* for the State.

MATHEWS, C. 1. This was an action upon a forfeited bail bond. The defendant filed a general demurrer against the petition, which was overruled, and, the defendant refusing to plead further, judgment was entered for the amount of the bond, from which defendant appealed. The parties will be given the same designation as below.

The defendant assigns the following as his reasons why the demurrer should have been sustained:

"First, because the petition of the plaintiff below failed to show that the prisoner, Walter Hamilton, was discharged by reason of his having executed the bond in question.

"Second, because the offense of which the defendant, Walter Hamilton, stood charged was a misdemeanor of which no court of Ottawa county had jurisdiction except the county court, and therefore the justice of the peace had no legal right to exact of the said Hamilton a bond for his appearance to the district court, no jurisdiction to issue the warrant for his arrest, and no jurisdiction or authority to hold a preliminary examination for such misdemeanor.

"Third, because the district court had no jurisdiction to declare a forfeiture of the bail bond or to make any order whatsoever in the premises, because of the fact that said alleged offense was one of which the county court only could have jurisdiction."

In *Shriver et al. v. State,* 32 Okla. 507, 122 Pac. 160, the question under consideration was whether or not in an action upon a forfeited bail bond the petition should contain an allegation that the bail bond had not been paid, and we find the following therein:

"If the presumption of law is that the bond had been paid, then it would be necessary to allege and prove that it had not been paid. On the other hand, if the presumption is that it was not paid, then it is not necessary to allege or prove that fact. Certainly it would be strange to presume that the bond had been paid. The presumption of fact should be the other way, because 90 times out of a 100 the bond is not paid before suit is brought, and in a very large per cent. of the cases not then." *State v. Smith,* 83 Kan. 240, 111 Pac. 184.

There is much sound sense in the above excerpt, and it applies with equal force to the case at bar. We realize that there is much respectable authority in other. states against us, but those

decisions are based upon a cobweb technicality that has no place in modern advanced jurisprudence. Most assuredly it naturally occurs that, upon the giving of an acceptable bail bond, the discharge of the defendant immediately follows, and it is the rankest absurdity to presume that officials would forfeit a bail bond and institute suit thereon when the principal therein was still in jail, and had never been discharged by virtue of such bond. Besides, the plaintiff is never required to allege and prove facts peculiarly within the knowledge of the defendant, and, if it should be a fact that the principal obligor has never been released on the bond, but was still in jail, no one would be more painfully aware of that fact than he.

2. The principal obligor in the bail bond was charged with the offense of giving whisky to a minor, which offense, under section 4211, Comp. Laws 1909, which was in force at that time, was a felony punishable by imprisonment in the state penitentiary for a period of not less than one year nor more than five years. It appears from the allegation in the petition that on the 23d day of December, 1910, there was filed in the justice court an information against Walter Hamilton, charging him under the above-mentioned statute. On the 23d day of December, a preliminary examination was had, and the said Hamilton was held under the bond herein sued on to answer in the district court, and the defendant, J. H. Melton, became his surety on the bond. On the 17th of April, 1911, the case was called for trial in the district court, the said Hamilton failed to appear; the bond was duly forfeited, and this suit instituted thereon.

On July 3, 1911, the Criminal Court of Appeals handed down several decisions declaring the statute upon which the defendant was being prosecuted to be unconstitutional and void. The justice of the peace therefore could have had no jurisdiction over the cause either for the purpose of holding a preliminary hearing or for any other purpose; in fact, the offense charged

was a misdemeanor, and the county court had exclusive original jurisdiction thereof. Under the law the justice of the peace cannot hold a preliminary examination in a misdemeanor case, and cannot exact bail for the appearance of the defendant in any other court except the district court, and there for felonies only. The district court could acquire no jurisdiction over the case, it being a misdemeanor only; and therefore the act of the district court in forfeiting the bail bond was wholly void.

We are not unmindful of the fact that the law specifies, and our courts have repeatedly held in a long line of cases coming before them, that the final order of the trial court declaring a forfeiture of the bail bond cannot be collaterally attacked in a subsequent action against the principal and sureties on the bond, and that, if it be the purpose of the bondsmen to interpose a defense, they can only do so by following the procedure prescribed by statute, which is as follows:

"But, if at any time before the final adjournment of court the defendant or his bail appear and satisfactorily excuse his neglect, the court may direct the forfeiture to be discharged upon such terms as may be just."

Should the court refuse to set the forfeiture aside upon the showing made, then the parties would have the right to appeal to the Supreme Court from the refusal of the trial court to vacate the order, and, unless they do so, the order of the court becomes final, but for the defendant to be bound by the order and to be precluded from attacking the same in the action instituted on the forfeiture the court exacting the bond, as well as the court forfeiting the bond must have acted within their jurisdiction, but nothing short of a complete lack of jurisdiction will avail them as a defense against the action on the forfeiture. Defects in the bond, even though they go to the extent of making the bond voidable, or irregularities in the forfeiture, will be considered waived, unless raised as the statute

prescribes, in the court taking the forfeiture, and at the term in which the forfeiture was had.

We deem it useless to cite authorities upon the fact that a void judgment can be attacked collaterally, but will review briefly a few authorities on the direct point at hand.

"If the court before which the principal obligor is bound to appear has no authority to require him to answer the charge against him, it has no power to adjudge a forfeiture of his bail bond." (*McGee v. State*, 11 Tex. App. 520).

"If at the time the prosecution in which the recognizance herein was executed was commenced a statute had been in force authorizing it, and before trial that statute had been repealed without a saving clause of pending prosecutions, such repeal would operate as a dismissal of pending proceedings" (*Sprigs v. State*, 2 Ind. 75).

"If a law under which a prosecution is commenced has been repealed prior to such prosecution, a recognizance entered into in such case will be void." 5 Cyc. 106.

In the case of the *State of Washington v. White*, 40 Wash. 560, 82 Pac. 907, 2 L. R. A. (N. S.) 563, it appears one Grass was arrested upon a complaint charging him with being a fugitive from justice from another state, and made a money deposit, in lieu of bail bond, which he forfeited. Thereafter the parties who deposited the money filed suit against the justice to recover the amount of the cash deposit. The Supreme Court held that, the justice having no authoirty for requiring a bond of the defendant, the defendant was entitled to his liberty as a matter of law, and, the justice having obtained possession of the money without authority of law, the state acquired no right of possession therein.

In the case of the *State v. Swope*, 72 Mo. 399, we find:

"If  *  *  *  the justice had no jurisdiction to issue the warrant, nor to take the recognizance,  *  *  *  the giving of the recognizance would not be regarded as voluntary, nor as conferring a jurisdiction not previously" had.

In the case of the *Territory of Oklahoma v. Wooding*, 15 Okla. 203, 82 Pac. 574, our Supreme Court held that:

"Bail taken by a court without jurisdiction is void"—there citing a long list of authorities in support thereof.

In *Harris v. Simpson*, 4 Litt. (Ky.) 165, 14 Am. Dec. 101, we find:

"A recognizance of special bail taken by a sheriff out of his county is extraofficial and void, and such fact may be pleaded by the bail to a *scire facias* on the recognizance."

Further authorities: *Bowker v. Lowell*, 49 Me. 429; *Thompson v. Lockwood*, 15 Johns. (N. Y.) 256; *Benedict v. Bray*, 2 Cal. 251, 56 Am. Dec. 332; *Caffrey v. Dudgeon*, 38 Ind. 512, 10 Am. Rep. 126; *Reinhard v. Columbus*, 49 Ohio St. 257, 31 N. E. 35; *State v. Hufford*, 28 Iowa, 391; *Deer Lodge County v. At*, 3 Mont. 168; *State v. Bartlett*, 70 Minn. 199, 72 N. W. 1067.

The decree of the district court must therefore be reversed, and the cause remanded with directions to the court below to sustain the demurrer of defendant.

By the Court: It is so ordered.