## BARTON v. PETIT AND BAYARD.

1813.

Feb. 4th.

*Absent....*JOHNSON, *J. and* TODD, *J.*

*If the original judgment be reversed, the reversal of the dependent judgment on the "forth coming bond" follows of course; but a special certiorari is necessary to bring up the execution upon which the bond was given so as to show the connexion between the two judgments.*

ERROR to the Circuit Court for the district of Virginia on a judgment rendered on a bond (technically called in Virginia a "*forthcoming bond*") given to the marshal with condition to have certain goods forthcoming at the day of sale appointed by the marshal; being goods which he had seized under a *fi. fa.* issued upon a former judgment recovered by Petit and Bayard against Barton, which judgment was reversed at the last term of this Court.

P. B. KEY, *for the Plaintiff in error,* contended, that the record of the former judgment being referred to in the condition of the bond, was to be considered as part of this record; and that the Court could judicially take notice that it was the same which was reversed by this Court at the last term, the transcript of which record now remains with the clerk of this Court. But if the Court could not judicially notice that fact, he moved for a *certiorari* to the clerk below to certify the record of the judgment on which the execution issued upon which the bond was given.

E. I. LEE and I. R. INGERSOLL, *contra,* contended, that the former record was no part of the present record, and that the Court could not judicially know it to be the same, and cited 4 *Hen. and Mun.* 293. 1 *Wash.* 94.

*February 11th....* W_ASHINGTON, *J.* delivered the opinion of the Court as follows:

BARTON
*v.*
PETIT &
BAYARD.

This is a writ of error to a judgment of the Circuit Court of Virginia, rendered upon a bond given by the Plaintiffs in error with condition for the delivery, at a certain time and place, of property seized by the marshal to satisfy an execution which had issued from the same Court. The condition not having been complied with, this judgment was rendered upon motion and notice thereof duly served upon the obligors in the bond, agreeably to the laws of Virginia.

It is not pretended that there is any intrinsic error in this judgment to warrant its reversal; but it is contended that the reversal of the original judgment, upon which the proceedings in this record took place, requires necessarily the reversal of this judgment. The general doctrine is undeniably so; but the application of it to this case is not admitted. That the judgment in this record is dependent upon some other judgment is apparent from the bond which recites a prior execution and seizure, by the marshal, of the property mentioned in the condition, for the purpose of satisfying it; but it does not appear judicially to the Court that the recited execution issued upon the identical judgment which has been reversed. The only difficulty which the Court has felt has been to devise some proper mode in this, as well as in all similar cases which may hereafter arise, to connect with the original reversed judgment that which is asserted to be dependent upon it.

A *certiorari* upon a suggestion of diminution would not answer the purpose, as the proceedings in the original suit form no part of those in the subsequent suit: the only foundation of which are, the bond and notice. Neither does it appear regular for this Court to receive as evidence of the dependency of the latter upon the former judgment, the certificate of the clerk of the Circuit Court.

The Court has thought it best to direct a special writ to be framed applicable to cases of this nature, to be directed to the clerk of the Court in which the judgments were rendered, to certify under the seal of the

BARTON *v.* PETIT & BAYARD. Court, the execution recited in the bond on which the second judgment was rendered. This difficulty can never occur except in cases where all the proceedings in the original judgment, except the execution, are already before this Court. The execution, therefore, though no part of either the original or dependent record, being certified by the proposed writ, will supply the only link necessary to prove the connexion between the two judgments.

In this case, the Court from the novelty of the practice necessary to be adopted, will not permit the Plaintiff in error to suffer in consequence of his not having applied sooner for a writ of *certiorari*, but will now direct the same to issue. In future the party must take the consequences of his neglect, if he should fail to have the execution certified in time.

*March* 16th.... WASHINGTON, *J.* The Court has examined the execution which has been sent up by *certiorari*, and is satisfied that the judgment on which it issued is that which was reversed at the last term. The judgment, therefore, on the forthcoming bond must be reversed also.

*Judgment reversed.*