IN THE

## SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT CORYDON, MAY TERM, 1818, IN THE SECOND YEAR OF THE STATE.

---

### MILLS v. CONNER.

The consent of parties to a rule of reference, must appear in the record.
The award must be made within the time limited by the rule.
If the original judgment be reversed, that upon *scire facias* to revive, cannot be
supported.

ERROR to the *Dearborn* Circuit Court.—The following entry *Wednesday,* in this case, of *April* term 1812, is the first notice of it in the re-  *May 13.* cord of the proceedings below: "*Conner* v. *Mills.* This cause is referred to the arbitrament and final determination of *Elijah Sparks* and *James Noble*, or their umpire, to report to the next term of this Court."

At the *April* term 1813, the third term from that in which the above rule was entered, the arbitrators, after stating that by consent of parties they had proceeded to make their award, reported in favour of *Conner* 275 dollars; and there was judgment accordingly. No execution having issued within a year and a day, the plaintiff below sued out a *scire facias*, upon which there was judgment awarding execution.

The proceedings in the original cause, as well as those in the *scire facias*, were brought up by writ of error.

HOLMAN, J.—There is no evidence in the record, either of the defendant's consent to this rule of reference, or even of his ap-

May Term,
1818.

————————

MILLS
v.
CONNER.

pearance in Court. The statement of the arbitrators in the pre-face to their award, as to the consent of the parties, was foreign to their duty, and is no proof of the fact. A rule of reference thus made by the Court, without the consent of the defendant appearing on the record, is erroneous. But the rule, had it been correct, gave the arbitrators no authority to make an award beyond the next succeeding term of the Court. The award however was made, as appears on the face of it, long after the time limited by the rule, without the consent of either party to prolong the time for making it, and was consequently void. Kyd on awards, 96 (1).

The original judgment being for the foregoing reasons erroneous, the judgment on the *scire facias* cannot be supported (2).

*Per Curiam.*—The judgments are both reversed, with costs. *Lane*, and *Kidder*, for the plaintiff.

   *Stevens*, for the defendant.

(1) For the forms of rules of Court referring, by *consent of parties*, causes pending in Court, to arbitration at common law, vide *appendix*. The statute 9 and 10 *Will.* 3. authorizes the making submissions, where no cause is pending, rules of Court, by *agreement of the parties*. This act puts these submissions on the same footing with those where a cause is pending. *Lucas* v. *Wilson*, 2 Burr. 701. For the forms of bonds of submission, orders for making submissions rules of Court, &c., vide *appendix*. The agreement, under the statute, to submit, must be in writing. *Ansell* v. *Evans*, 7 T. R. l. The submission is made a rule of Court, upon affidavit by one of the witnesses, of the due execution of the bond or agreement containing the submission. Caldw. 159.—*Knight* v. *Carey*, 1 Cowen's Rep. 39. The submission may even be made a rule of Court in vacation, but the award cannot be enforced until the next term. In the matter of *Taylor* and others, 5 Barnew. and Ald. 217.

*The consent* to a reference of a cause pending in Court, may be given by the attorney on record, and his client will be bound by it. *Rex* v. *Addington*, Sayer's Rep. 259.—*Filmer* v. *Delber*, 3 Taunt. 486.—*Holker* v. *Parker*, 7 Cranch, 436.—*Somers* v. *Balabrega*, 1 Dall. 164.—*Buckland* v. *Conway*, 16 Mass. 396. An order of reference, in such case, consented to by the attorney at law, will not be set aside, even upon the affidavit of the party that the consent was given against his express directions: the client's remedy in such case is against the attorney. *Filmer* v. *Delber*, supra.

A trustee may consent to an arbitration for his *cestui que trust*. *Davies* v. *Ridge* et al. 3 Esp. Rep. 101. So an executor, or administrator, may submit matters in dispute, affecting the estate, to arbitration. *Elletson* v. *Cummins*, 2 Strange, 1144. If he execute a bond, binding himself personally to perform the award, he will be liable, whether assets or not. *Barry* v. *Rush*, 1 T. R. 691. The submission itself is not an admission of assets; it includes two questions: one, as to the cause of action; the other, as to assets. If the award merely ascertains the amount due, it is no evidence of assets; if it goes further, and directs the executor to pay the sum awarded, it is equivalent to de-

termining that he has assets to pay the debt. *Pearson* v. *Henry*, Adm'r. 5 T. R. 6.—*Worthington* v. *Barlow*, Adm'x. 7 T. R. 449.

*Quære*, Whether one partner can bind the partnership, by an unsealed agreement, to a reference. In *Strangford* v. *Green*, 2 Mod. 227, where one, for himself and his partner, referred all differences between the plaintiff and them, by an unsealed agreement, it was held that the award did not bind his partner; and the law is so laid down in Kyd on Awards, 24, with a reference to *Strangford* v. *Green*, supra. In the late case of *Taylor* v. *Coryell* and Co., in 1825, the Sup. Court of *Penn.* decided, after full argument, that one partner might fairly enter into an unsealed agreement to refer any partnership matter, and that the whole firm would be bound by it. Vide this case in the *append.* to Gow on Partn. Phila. ed. p. 483.

*The consent* of both parties must continue until the award is made; for if before that, either of them countermand the authority of the arbitrators, the award cannot be enforced. *Vynior's* case, 8 Co. Rep. 159.—*Allen* v. *Watson*, 16 Johns. Rep. 205 As to this, the law is the same, whether the submission be by deed, or by order at *nisi prius*. *Clapham* v. *Higham*, 1 Bingh. Rep. 87. If the submission be by parol, it may be revoked by parol; but if by deed, the revocation must be by deed. Caldw. 31. In either case, notice of revocation must be given to the arbitrators; but in pleading, the notice need not be averred: that being implied in the allegation, that the party had revoked the authority. *Vynior's* case, supra.—*Marsh*, Ex'r. v. *Bulteel*, 5 Barnew. and Ald. 507.—*Frets* v. *Frets*, 1 Cowen's Rep. 335. Marriage by a feme sole before award, is a virtual revocation of the authority of the arbitrators, as it is a civil death of all her rights. *Charnley* v. *Winstanley*, et ux. 5 East, 266.—*Andrews* v. *Palmer*, 4 Barnew. and Ald. 250.—*Marsh*, Ex'r. v. *Bulteel*, supra, per *Abbott*, C. J.; but bankruptcy is not. *Andrews* v. *Palmer*, supra. If the revocation be before the submission is made a rule of Court, it is a breach of the agreement of submission, for which an action lies: if after the rule is entered, it is a breach of the rule, and the party is liable to an attachment. *Milne* v. *Gratrix*, 7 East, 608.—*King* v. *Joseph*, 5 Taunt. 452.—*Frets* v. *Frets*, supra.

The death of either party, before award, vacates the submission. Even if a verdict be taken, subject to an award, and one of the parties die, the award afterwards made will be set aside, and the case will stand as if no verdict had been entered; unless there be in the rule a special stipulation, that the reference shall not be defeated by the death of one of the parties. *Potts* v. *Ward*, 1 Marsh. Eng. Rep. 366. C. B. The contrary was decided afterwards in *Bower* v. *Taylor*, 7 Taunt. 574 note, B. R.—Caldw. 30. But in *Toussaint* v. *Hartop*, 7 Taunt. 571, the question again arose in the C. B., the above contradictory cases were examined, and that of *Potts* v. *Ward* was adhered to.

Vide Ind. Stat. 1817, p. 320, and 1823, p. 59, authorizing and regulating arbitrations.

(2) Where two judgments are given, and the last depends merely on the first, as upon its foundation, there, if the first fundamental judgment be reversed by writ of error, the latter, which appears in the record to be dependent upon it, shall be reversed also. *Drury's* case, 8 Co. Rep. 281.—*Appesley* v. *Ive*, Cro. Jac. 645.—2 Bac. Abr. 501. So if a man recover in debt upon a judgment, and the first judgment be reversed, the second is thereby defeated. Bac. Abr. supra. So the reversal of a judgment upon a *forth-coming bond* follows of course, if the original judgment be reversed; and the connexion of the judgments may be shown by the execution. *Barton* v. *Petit*, et al. 7 Cranch, 288.

But the reversal of the last judgment does not affect the first: thus, judgment against executors *de bonis testatoris*, then judgment on *scire facias* against them *de bonis propriis*, and writ of error upon both judgments: the last was reversed, but the first stood. *Pettifer's* case, 5 Co. Rep. 32. Bac. Abr. supra. So, where judgment was against the defendant, and, upon *scire facias* against his executors, execution was awarded, and writ of error upon both judgments: Per Ld. *Hardwicke*, the writ of error is barred as to the first judgment by the statute of limitations; there is error in the second judgment, and that must be reversed. *Street* v. *Hopkinson*, Cas. temp. Hardw. 345. S C. 2 Strange, 1055. The award of execution may be reversed, without affecting the original judgment, which is a distinct part of the record. *Johnson* v. *Harvey*, 4 Mass. 483.