EDWARDS *vs.* NICHOLSON.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE
WATTS PRESIDING.

An officer of court is liable to be *sued in any court* of competent jurisdiction for a breach of duty, or for any injury or tort committed by him in the course of his official duties.

The marshal of the United States is liable to be sued in an action for damages, in a state court of competent jurisdiction, for failing and refusing to deliver and convey to the plaintiff certain property which he purchased at the marshal's sale, made under a judgment of the United States District Court for Louisiana.

*Rost, J. dissenting*—Was of opinion the state courts had no jurisdiction of this case, not even of the claim for damages; that the whole subject matter belonged exclusively to the District Court of the United States.

This is an action for damages, and to compel the defendant, as marshal of the United States for the Eastern District of Louisiana, to deliver up and make a legal title to a plantation and slaves, which he adjudicated to the plaintiff under a judgment and execution of the United States District Court, on the 24th May, 1834.

The plaintiff alleges, that he has tendered the purchase money, and demanded of the defendant to deliver and execute a conveyance or title to the premises, which the latter has constantly refused and neglected to do, to his great damage of one hundred and fifty thousand dollars. He prays judgment, compelling the defendant to make a conveyance, and to deliver him a title and the possession of said plantation and slaves, and for his damages. The defendant admitted the sale and adjudication of the plantation and slaves to the plaintiff, but avers he has wholly failed to comply with the terms thereof, or to tender the purchase money.

He further avers, that in consequence of the plaintiff's failure to comply, he re-advertised the property for sale, which was ultimately stayed by an injunction. That said injunction was still pending in the United States District

Court when he went out of the office of marshal in 1835; and that plaintiff has asserted his right to his bid or adjudication in that court, and which has been denied him by a judgment rendered there, and is now a bar to this action.

He further avers that this action is malicious and vexatious, and intended to vex and harass him, by reason of which he has sustained damages in the sum of one thousand dollars, for which he prays judgment in reconvention.

When the cause came on for trial, it was suggested to the court that it was without jurisdiction, and all the evidence offered was excluded, until the question of jurisdiction was first settled. The plaintiff's counsel excepted to this course of proceeding.

The district judge was of opinion that the state courts were without jurisdiction of the matters set up in the petition; and that the United States Court alone could decide and determine whether its officer had acted properly or otherwise in refusing to make a conveyance and complete the sale by delivering title and possession to the purchaser under process issuing from that court.

There was judgment of dismissal, and the plaintiff appealed.

*Hennen* for the plaintiff, contended, that by the adjudication of the plantation and slaves, his right to it was perfect. This gave a legal title to the property by the operation of law, which could not be made more binding by the act of sale itself; but it was the duty of the defendant to pass an act of sale and deliver possession to the plaintiff. The state laws are binding on the United States marshal when not controlled by an act of congress. *Louisiana Code*, 691, 695. *Judiciary Act of Congress of* 1789, *sections* 28 and 34.

2. The marshal is liable in action for all defaults and misfeances in office, of himself and deputies. He may be sued in the state courts for trespass, tort or injury caused by him, or for any default or misfeasance committed under color of his office. Even a sheriff may be sued in a different court than that under which he acted, for wrongfully executing

EASTERN DIST. process. See Clark's Executors *vs.* Morgan. 4 *Martin*, 79.
*May*, 1839.  7 *ibid*, 446. 2 *Martin N. S.*, 422. 2 *Louisiana Reports*, 200,
━━━━━━━  350. 4 *ibid*, 81. 7 *ibid*, 529.
EDWARDS
*vs.*
NICHOLSON.

*C. M. Conrad*, for the defendant. The first question is, has the District Court jurisdiction? It is conceded, if this was an action sounding in damages for an act of misfeasance, &c. the court *a qua* had jurisdiction. But this case goes further; it claims the *specific performance* of a duty or act by the marshal in his official capacity as a ministerial officer of the United States Court, which alone can supervise and control his official acts. The plaintiff cannot have his action for damages and for a *specific performance* of an official act by the marshal. In relation to this last object of the suit, the state court is clearly without jurisdiction. The two demands are entirely inconsistent, and cannot be cumulated in the same suit, or maintained in the state courts in two separate ones. *Code of Practice*, 149. 7 *Martin, N. S.*, 403.

2. The character of the two demands are so different, that in all the other states or countries where the common law prevails, one of them would have to be sought in a court of equity and the other in a court of law; and a pendency of the one would be a bar to the institution of the other. *Story's Equity Jurisprudence, vol. 2, pp. 25, 30.*

3. The plaintiff claims damages for the *delay* in making the title, to wit: *the loss of a crop;* so that it will be perceived that these damages result from the defendant's delay in executing the act of sale. He cannot receive damages unless he receives the thing itself; for they are accessory to the refusal to perform what is required. If, therefore, the court cannot decree the specific performance of the act, by the marshal, compelling him to deliver the thing, it has no jurisdiction of a demand for damages, caused by the delay in delivering it, or the non-delivery.

*Eustis, J.* delivered the opinion of the court.

The plaintiff alleges that at a public sale made on the 24th of May, 1834, the defendant, marshal of the United

States for the Eastern District of Louisiana, sold to the petitioner, the last and highest bidder, a certain plantation and slaves for the sum of thirty thousand and one dollars; that though the purchase money has been tendered by the plaintiff to him, the defendant, as marshal, he has refused to convey or deliver to him the property purchased, though often requested, to the damage of the plaintiff one hundred thousand dollars; that he had thereby lost the benefit of two crops, and that his damages during the last year by reason of the premises, amount to the sum of fifty thousand dollars. The plaintiff prays that the defendant, John Nicholson, be decreed to deliver up and convey to him the plantation and negroes thus sold, on the payment of the purchase money, which the plaintiff is now ready and willing to pay, and that he be condemned to pay one hundred and fifty thousand dollars damages for his illegal acts in the premises. There is also a prayer for general relief. There are references in the petition which show that the property was offered for sale under process issued on a judgment obtained in the District Court of the United States for the Eastern District of Louisiana.

The judge, considering the case before him as an exception taken *ore tenus* to the jurisdiction of the court, dismissed the petition on the ground of the want of jurisdiction.

Admitting that the court of the first district has no power to compel the officer of another court to perform a ministerial act in relation to matters dependent in and cognizable by that court, it by no means follows that the officer is not liable to be sued in any court of competent jurisdiction for a breach of duty, or for any injury or tort committed by him in the course of his official duties. There might be cases where the latter court would not proceed in the suit, but await the decision of the court under the process of which the act was performed; this would be a question of comity and not of jurisdiction. We are not aware that the official acts of the marshal of the United States are entitled to any exemption from the responsibility of public officers executing the process of a court.

An officer of court is liable to be sued in any court of competent jurisdiction for a breach of duty, or for any injury or tort committed by him in the course of his official duties. The marshal of the United States is liable to be sued in an action for damages, in a state court of competent jurisdiction, for failing and refusing to deliver and convey to the plaintiff certain property, which he purchased at the marshal's sale, made under a judgment of the United States District Court for Louisiana.

EASTERN DIST.
*May*, 1839.

EDWARDS
*vs.*
NICHOLSON.

It is said that the action for damages is prescribed. Prescription was not pleaded in the court below : the cause is before us solely on the question of jurisdiction. If the plea of prescription was made in this court, the plaintiff has the right to have the cause remanded for trial upon that plea. It is, therefore, ordered that the judgment of the District Court be reversed, and the cause remanded for further proceedings; the appellee to pay costs.

*Rost, J., dissenting.*—I think with the district judge, that he could not entertain jurisdiction of this case, even for damages, unless the plaintiff had alleged in his petition that the District Court of the United States had ordered the defendant to make the conveyance and delivery, and that the defendant refused to do so.

Without this allegation, the marshal must be presumed to have done his duty. Whether he has or has not, is a matter between him and the court to which he belongs, which I conceive we have no power to determine in any case. We must hold him to be the organ of the court, until that court decides that he has ceased to be so.

Under this view of the situation in which the defendant stands, I cannot separate the officer who obeys and executes orders, from the court which gives them. His acts and his omissions are the acts and omissions of the court. The refusal of the marshal in this instance to make a sale and delivery of the property in controversy, is the refusal of the District Court of the United States to cause that sale and delivery to be made. That refusal cannot subject the defendant to an action of damages.

The District Court of the United States, having first taken cognizance of the suit under which the property was sold, has exclusive jurisdiction of all proceedings arising therein ; and the *title* and *delivery* of the property sold under execution, are proceedings in the suit. M'Kim *vs.* Voorhees, 7 *Cranch*, 289. Wayman *vs.* Southard, 10 *Wheaton*, 1.

If the remedy afforded to the purchaser is not as complete as it would be under a sheriff's sale, the difference arises from

the peculiar organization of the federal judiciary, and all considerations of occasional private loss, or inconvenience on account of its insufficiency, must give way to the paramount reason of state, which requires that the two jurisdictions should be kept distinct and separate.

I am of opinion that the judgment of the district court ought to have been affirmed.