SHIP OF FRANKLIN COUNTY.

MOORE

v.

APPEAL from the *Franklin* Circuit Court.

BARNETT.

----------

MOORE *v.* BARNETT.

Suit for an accounting, and the settlement of a co-partnership. The cause
being at issue, was, upon the written consent of the parties, and by order
of the Court, referred to two persons. The agreement of reference, and
the order of the Court, provided that if the arbitrators differed in opinion
upon any question of fact or law, they should make a minute in writing
of the point, for the decision of the Court. An award was made, and two
points upon which the arbitrators differed were referred to the Court for
determination. On the return of the award, the plaintiff moved to set it
aside : 1. Because the arbitrators failed to report the facts of the case.
2. Because they disregarded pertinent evidence. 3. Because they did
not pass upon the individual accounts of the parties. 4. Because they
did not make a division of the notes and accounts of the firm. 5. Because
they appointed other persons to examine the books of the firm. 6. Because
they acted upon statements of the defendant, which plaintiff has since
discovered to be false, though he could not by diligence have proved them
false at the hearing.

*Held,* that if the reference of the cause was made under §§ 349, 350, 351
of the code, then the report of the referees could only be reveiwed by the
Court for matters appearing upon the face of the report, including all
bills of exceptions taken before the referee; but if the reference.was to
arbitrators, as at common law, then objections to the award might be
shown by extrinsic evidence.

*Held,* also, that the intention seems to have been to make a common law
reference to arbitrators, rather than a trial by referees under the code.

*Held,* also, that none of the objections to the award were well assigned ; no
fraud or corruption was charged, and a mere mistake of judgment is not
sufficient to vacate an award, at common law.

*Held*, also, that the arbitrators had power to appoint other persons to examine the books.

A request of the Court to state a special finding, made after the Court has commenced to render its judgment, comes too late. Perhaps, also, the request should be accompanied with notice to the Court that the party intends to take the cause to the Supreme Court, upon the finding.

Perhaps, where a suit pending and at issue is referred by a rule of the Court to arbitrators, the award, if defective, should, like a verdict in such cases, be sent back to the arbitrators, on motion of the dissatisfied party, for correction.

*Tuesday, December* 10.

APPEAL from the *Vermillion* Circuit Court.

PERKINS, J.—*Moore* sued *Barnett* for an accounting as a partner, in the particular business of selling goods at a town named. A written agreement fixed the terms of the partnership. *Barnett* answered, and the case was brought to issue. The cause was then, upon the written consent of both parties, by order of the Court, referred to Messrs. *Sale* and *Maxwell*. The agreement of reference, and the order of the Court, contained this clause: "That upon any difference of opinion, either of fact or of law, between said arbitrators, they shall make a minute of the fact in writing, for the decision of the judge of the Circuit Court."

The arbitrators made an award, having differed, or having been unable to conclude, upon two points only, namely: a division of certain notes between the parties, and the allowance of an item in favor of *Barnett* of $1,798, claimed to have been paid by him to Dr. *Scott*. The award was returned to the Circuit Court. The plaintiff there appeared, and for causes assigned, moved that the award be set aside. The Court overruled the motion, and proceeded to hear and settle the two points left open by the arbitrators.

The first point to be determined, is upon the character of the proceedings had for the ascertainment of the facts in this cause. Was it an arbitration, or a trial by referees? This question must be answered before we can determine upon the power of, and the practice in, the Circuit Court, in proceeding to final judgment. If the reference of the cause was made under §§ 349, 350, 351 of the code, then the report of the referees was simply to be reviewed, in the Circuit Court, upon matters appearing on its face, including, as

a part of the report, all bills of exceptions taken before the referees. *The Board of Trustees, &c.* v. *Huston*, 12 Ind. 276. If the reference was to arbitrators, as at common law, then objections to the award might be shown by extrinsic evidence. *Mills* v. *Conner*, 1 Blackf. 7; Perk. Prac. 85, 249.

The reference was made by rule of Court, upon the written consent of the parties; it was made to two persons; these persons met, (the parties and their attorneys being present,) examined witnesses, adjourned from day to day, and returned the result of their investigations and deliberations to the Circuit Court, where the cause was pending, &c. All these particulars are common, both to an arbitration by reference, of a pending cause, and a trial by referees under the code. See the authorities cited above. But the parties, on the hearing under the reference, did not take exceptions, and have them made a part of the report to the Circuit Court, as they might have done if the trial was regarded as by referees. The persons to whom the reference was made were styled arbitrators, and they called their report to the Court an award. We incline to think that the intention was to have a common law reference to arbitration, rather than a trial by referees under the code. See *Sharp* v. *Eveleigh*, 5 Eng. L. & E. Rep. 467. This being so, it was proper to impeach the report made to the Court, as an award, for cause; and it will now devolve upon this Court to examine the causes assigned against its validity, to see if they were sufficient. These are the first set of objections to it: 1. The arbitrators failed to report the facts of the case with their award. 2. They disregarded pertinent evidence offered. 3. They did not pass upon the individual accounts of the parties. 4. They did not make a division of the notes and accounts between the partners. 5. They appointed two persons named, to examine the books of the firm. 6. They acted upon the statements of *Barnett*, which *Moore* then supposed to be true, but which he has since discovered he can prove to be false, though he could not, by reasonable diligence, have been able at the hearing to prove them false.

None of these causes were well assigned. Of the first, nothing need be said. No one of the others charges

fraud or corruption, and mistake of judgment, leading to error on such points, is not sufficient to vacate the award at common law, by which this case is governed. 2 Par. on Cont., pp. 213–216. The causes are all too vague and indefinite. The second does not specify what evidence was disregarded. The third does not show that any individual accounts were submitted to the arbitrators. The sixth does not show what the statements of *Barnett* were, nor of what importance, nor why *Moore*, a co-partner, did not know their truth or falsity. See 2 Par. on Cont., 3d ed., pp. 204, 211. The fifth specifies an act which the arbitrators had power to perform. 2 Par. on Cont., p. 209. The fourth charges the non-performance of an act which it was not the duty of the arbitrators to perform. They were to state the accounts between the partners, to show which had received the greater amount of the partnership effects, &c. The remaining undivided stock, if the partnership should, or should not, be dissolved, would remain common property; if the partnership should be dissolved, it might be placed in the hands of a receiver, or might be amicably divided or disposed of by the partners.

Thus much as to the first set of objections. Touching the item which the arbitrators referred to the judge, evidence was heard, and a decision made. The evidence is not of record. No bill of exceptions contains the words, "this was all the evidence given in the case." We can not, therefore, review the ruling on this point, even if it might be properly done, were the evidence in the record.

The Court refused, also, to state a special finding. It is insisted that the judge was acting, not as a court, but as an arbitrator, and that he was not therefore bound by the rules governing ordinary trials at law. Perhaps this is so. See *Sharp* v. *Eveleigh*, *supra*. But we think we need not decide the point, as we think the request to the judge to state such finding was made too late, and perhaps was defective in form. It was not made until the Court was proceeding to render its judgment, and was not, so far as is shown, accompanied with a notice to the Court that the party intended to take the cause to the Supreme Court upon the finding; though the

party says that was his intention. Perhaps the Court should be notified of this intention.

As to the second set of objections to the award, it may be remarked, as of the first, that they are vague. They charge no corruption or misconduct on the part of the arbitrators; nothing beyond error of judgment, at most; they do not show, in fact, that the matters which it is alleged the arbitrators failed to consider, were within the submission (see note to Chit. on Cont., 7th Am. ed., p. 791); for only the matters embraced by the issues formed in the suit, would be considered as embraced in the reference of the pending suit. And perhaps, where a suit pending and at issue is referred by rule of Court to arbitrators, the award, if defective, should, like a verdict in such case, be sent back to the arbitrators, on motion of the dissatisfied party, for correction and perfection. See *Blair* v. *Jones*, 5 Eng. L. & Eq. Rep. 511.

As to what was embraced in the reference, the arbitrators would necessarily judge, in the first instance. If they disagreed, they could, in this case, have certified the fact to the judge.

*Per Curiam.*—The judgment is affirmed, with costs.

*John P. Usher* and *D. W. Voorhees*, for the appellants.

*S. C. Wilson*, *J. E. McDonald* and *A. L. Roache*, for the appellee.