## Case No. 3,668.

### DAWSON v. DANIEL.

[2 Flip. 301.][1]

Circuit Court, W. D. Tennessee. Nov. Term, 1878.

JUDGMENT OF ANOTHER STATE SUED ON HERE — JUDGMENT BY DEFAULT — WHEN SET ASIDE — THE RULE AS TO A STAY OF PROCEEDINGS WHERE JUDGMENT HAS BEEN RENDERED IN ANOTHER STATE, AND SUIT BROUGHT HERE UPON IT.

1. The judgments of other states are conclusive when sued on here, and this court cannot for any purpose look to the merits, even where it may have been an illegal contract.

2. Judgment by default will not be set aside, unless the defendant can show that he was guilty of no negligence in suffering the judgment, and has a meritorious defense.

3. If the plaintiff can get no execution on his judgment in the other state, by reason of a supersedeas, the court may well be asked here to stay proceedings, unless it appears to have been a useless appeal or writ of error, in which case the stay may be refused. The rule in England and here is the same, which is not to stay proceedings where a suit is brought upon a judgment, unless that judgment has been appealed from and a supersedeas has been procured.

4. The practice in England and America as to stay of executions and suits on judgments, fully discussed.

[A. H. H.] Dawson obtained judgment against [Richard C.] Daniel in New York, from which appeal was taken but no supersedeas of execution was produced. Suit was brought on this judgment in the circuit court of the United States, at Memphis, and on account of some oversight or misapprehension of counsel, judgment was taken by default; the evidence offered being a duly exemplified copy of the New York judgment. Defendant thereupon offered affidavits and moved to vacate such judgment and for a stay of proceedings, alleging that it was obtained on account of an oversight or misapprehension of counsel, who understood they had further time to plead; that there were merits in the defense; that Dawson was insolvent, and if the judgment were permitted to stand, and the New York court should reverse it on the appeal they would be remediless; and that it was in the discretion of the court here

[1] [Reported by William Searcy Flippin, Esq., and here reprinted by permission.]

to interpose a stay of proceedings until the appeal was disposed of in New York.

Geo. Gantt and Wm. S. Flippin, for the motion.

Humes & Poston, against the motion.

HAMMOND, District Judge. This is a motion to set aside a judgment by default taken last term but continued over by this motion till now. Judgments by default will not be set aside, unless the defendant can show that he was guilty of no negligence in suffering the judgment and has a meritorious defense. Otherwise, the process of the court requiring parties to appear and answer suit goes for naught, and the court is the victim of the caprices of parties. Freem. Judgm. §§ 102, 108, 541; Memphis & O. R. Co. v. Dowd, 9 Heisk. 179; Chester v. Apperson, 4 Heisk. 639.

The judgments of other states are conclusive when sued on here, and this court cannot look to the merits for any purpose, not even where it may have been on an illegal contract. Hunt v. Lyle, 8 Yerg. 142; Freem. Judgm. §§ 433, 575, 576; Earthman v. Jones, 2 Yerg. 484.

The only merits insisted on here is that a writ of error has been prosecuted in New York to the judgment, and it is said, Dawson being insolvent, this court will exercise a discretion and stay further proceedings to await the result of the writ of error.

It is conceded that the writ of error, as taken, does not supersede execution, but it is insisted this court has discretion, notwithstanding, to stay proceedings. If bail bond had been given in New York the judgment there would have been superseded. Code N. Y. 1871, §§ 335, 348.

In England, a suit upon a judgment was not favored for the reason that it was vexatious, inasmuch as the plaintiff could have his execution on the original judgment. Entwistle v. Shepherd, 2 Term R. 78. Yet, the right of suit was undeniable, and this notwithstanding a writ of error was pending. 7 Vin. Abr. 351, 352; 20 Vin. Abr. 67; 110 E. C. L. 11. It is obvious the rule of disfavor to such suits in England does not apply to suits on foreign judgments or to suits from other states in this country. Where a writ of error has been sued out and bail bond given, it operates as a supersedeas in England, as it does here and in New York. In those cases only, so far as I can find, did the court ever stay proceedings in a suit upon the judgment, where bail had been put in and fi. fa. was stayed. It was in the discretion of the court to do this or not, and it was generally controlled by the fact, whether the writ of error was for delay or not. If it was a litigated case, the court looked with disfavor on the second suit. If it was a writ of error for delay merely, the court would favor the second suit and not stay proceedings. The rule to stay proceedings could not be had till bail was put in, which shows conclusively that the proceedings would not be stayed, unless the execution had been superseded and the plaintiff was protected against delay by bond. 3 Bac. Abr. 356; 9 Bac. Abr. 284; Meriton v. Stevens, Willes, 277; Entwistle v. Shepherd, 2 Term R. 78; Christie v. Richardson, 3 Term R. 78; Pool v. Charnock, Id. 79; Benwell v. Blank, Id. 643; Smith v. Shepherd, 5 Term R. 9; Bicknell v. Langstaff, 6 Term R. 455. The American rule is the same, and it is a just rule; it is the logical result of the requirement that we shall treat the judgments of another state as conclusive. But if the plaintiff can get no execution there, by reason of a supersedeas, the court here may well be asked to stay proceedings, unless it appears to have been a useless and vexatious appeal or writ of error, in which case the stay might be refused. Taylor v. Shew, 39 Cal. 536, and other cases cited; Freem. Judgm. §§ 433, 576, 602; Suydam v. Hoyt, 1 Dutch. [25 N. J. Law] 232.

Motion denied.

NOTE. There is one question not passed upon by the learned judge, which occurs to the mind in reading the foregoing opinion, and that is the propriety of adjourning from court to court motions for new trials. It was not necessary to the decision of the motion in this cause, and hence was passed over. It may be well to state in this connection that this motion was adjourned over by the predecessor of Judge Hammond. The practice of so adjourning motions seems to have obtained in Missouri and Tennessee, to some extent, but is believed to be seldom practiced in other states. It is not recognized in England, and not favored at all in many of the states. Its adoption opens the door to making other testimony, much to the prejudice of one party or the other, and there are other inconveniences which readily occur to the mind of the reader. It may be safely affirmed that the great weight of authority is against the practice, and there is nothing to be said in its favor. See Freem. Judgm. §§ 90, 96.

[NOTE. This case was further heard on a motion for a venditioni exponas to compel a sale of property levied on by the marshal. See Case No. 3,669.]