# WHEELING.

23  801
43  777

## STATE OF WEST VIRGINIA v. MILLER.

Submitted January 11, 1884—Decided March 29, 1884.

1. The judgment in a proceeding against a party for a contempt of court need only express on its face that it was a contempt generally ; and the specific nature of the contempt need not be set out. (p. 802.)

2. If a party who is fined for a contempt denies the specific nature of the contempt and the facts out of which it is supposed to have originated set out in the record, he must make them a part of the record by taking a bill of exceptions to the judgment of the court against him, in which the nature and facts may be set out. (p. 803.)

3. *Quære:* When the record states that a certain party having been *this day* guilty of a contempt to the court in the *presence* thereof, it is considered that for this said contempt he be and is fined by the court twenty-five dollars, and that the State of West Virginia do recover against him twenty-five dollars, the fine aforesaid, and costs, will or will not the *inflicting* of such fine be presumed to have been done while the party was present in court, rendering it unnecessary to issue a rule against him? (p. 803.)

GREEN, JUDGE, furnishes the following statement of the case :

The entire record in this case is as follows :

"WEST VIRGINIA, JACKSON COUNTY, TO-WIT:

"At a circuit court held for said county, at the court-house thereof, on the 10th day of March, 1883, the following order was made and entered of record, to-wit:

" 'Warren Miller esq., having been this day guilty of a contempt to the court in the presence thereof, it is considered that for his said contempt he be and is fined by the court twenty-five dollars, and that the State of West Virginia do recover against the said Warren Miller twenty-five dollars, the fine aforesaid, and costs.' "

To this judgment a writ of error and *supersedeas* has been awarded.

*C. L. Brown* for plaintiff in error.

*Attorney-General Watts* for the State.

GREEN, JUDGE:

The following are the errors assigned to this judgment in the petition for a writ of error:

"First. The said record does not show that any offence was committed by petitioner.

"Second. It does not specify in what the alleged contempt consisted, nor that an attachment issued against petitioner, nor that petitioner was present in court when said fine was imposed, nor that a rule of the court to show cause was served on the petitioner, nor that petitioner failed to appear and show cause."

Is it true, that this record does not show that any offence was committed by the plaintiff in error? The record expressly states that "Warren Miller esq., having been guilty of a contempt to the court in the presence thereof, it is considered that for his said contempt he be and is fined by the court twenty-five dollars."

Is the offence thus stated set out so imperfectly, that it ought to be regarded as a nullity, and as if the record failed to show that any offence was committed by the plaintiff in error? In *Adams ex parte* 25 Miss. 892, the court says: "It was formerly held, that a judgment for contempt, which did not set out the particular cause on which it was founded, was a nullity, and that a party was entitled to be discharged from it. But the more recent cases have laid down the rule, that the judgment will be sufficient if it express on its face, that it was a contempt generally, and that the specific cause need not be set out. Ired. R. 36; E. C. L. R. 1." In *Summers ex parte* 5 Ired. 153, after a review of the authorities the same conclusion is reached by the court. The only objection which can be made, or has been made at any time, to this sort of an entry is, that it might operate injustice to the defendant by depriving him of the means of correcting the judgment of the court, or if in prison, prevent him from getting a discharge from prison on a writ of *habeas corpus*, though he may have been committed for what could not pos-

sibly constitute a contempt. This actually occurred in *Bushell's Case*, Vaughn. R. 135. But our statute-law has furnished the defendant ample means of avoiding all such injustice. It provides that in proceedings for contempt the party, for whom a writ of error lies to a higher court, may except to an opinion of the court and tender a bill of exceptions, which (if the truth of the case be fairly stated therein,) the judge shall sign, and it shall be a part of the record." Acts of 1882, ch. 128, § 1, pp. 368, 369. It is true that in the *State* v. *M. C. Galloway & W. H. Rea*, 5 Cold. 337, it was held, "that in Tennessee it was essential to the validity of a judgment for contempt, that it shall state upon its face the cause of the contempt alleged as the ground of jurisdiction on which the judgment is rendered." But the court in that case admits that "at common law a general judgment for contempt, that is, a judgment which does not specify the particular act of contempt on which the judgment is founded, is held to suffice and will be valid." See the cases we have above referred to and also case of *Sheriff of Middlesex*, 11 Ad. & E. 273, (39 Eng. Com. L. 80, 90,) and authorities cited.

As to the second assignment of error it does appear affirmatively that plaintiff was fined for a contempt to the court in the presence thereof, and therefore, "not for a contempt of the court in the non-performance or disobedience to a judgment, decree or order of the court." As I understand the record, the defendant was fined for a personal contempt to the judge while sitting, or for creating a disturbance in court which amounted to such personal contempt, it may be, as the record says, "a contempt *to* the court." For on a judgment of the court for such a contempt a writ of error lies to this Court. See ch. 128 § 4 of Acts of 1882 p. 369. But from what we have said it appears, that it was not necessary that the facts, which constituted this contempt should appear of record. If the plaintiff in error desired these facts to be set out and made a part of the record, he should have filed a bill of exceptions to the judgment. But section 29 of chapter 147 of Code of West Virginia page 691, provides, that "no court shall impose a fine for a contempt, unless the defendant be present in court, or shall have been served with a rule to show cause on some certain day, and shall fail to

appear and show cause." No rule was served on the plaintiff in error in this case; but does not the record show that he was present in court when this fine was inflicted on him for his contempt? The record expressly shows that he was in court on the day this fine was inflicted for it states that he "had been guilty on that day, March 10, 1883, of a contempt to the court in the presence thereof." He being present in court, when the offence was committed, must we not presume that he continued in court till the fine was imposed upon him by the court for this contempt? Even in the trial of a person for felony the record only shows, that the prisoner was present when his trial commenced, and was present at the beginning of the proceedings in his case on each successive day during the trial. But the record never shows affirmatively, that he was present during the whole of the trial, and that he was not absent, when any witness was examined, or when any motion was made to the court during the progress of the trial; yet it is absolutely necessary that he should be present, when each witness is examined, and when every motion in the progress of the case is made, or the whole trial is vitiated and should be set aside, if it resulted in his being found guilty. But his presence in court when the proceedings in his case began on each day is sufficient evidence, that he was there during the whole day, while any action of any sort was being taken in his case. For being once present, unless the contrary appears, he is presumed to remain in the court-room. And if these presumptions are drawn in favor of sustaining the action of the court in trying one for a felony, surely we should presume, as this record shows, that the plaintiff in error was in the court-room in the presence of the court on March 10, 1883, when he committed the contempt to the court, that he was present, when the court imposed the fine on him for this contempt, the record showing that it was imposed on the same day. The fair and legal inference from this entry on the record is, that when the contempt was committed to the court it at once inflicted on the offender the fine for such contempt. This the court had a right to do without the intervention of a jury (Code of W. Va., ch. 147 § 27, 28 and 29), and as the fine did not exceed fifty dollars this is what we must presume was done. It would have been

perhaps better to have entered on the record after the nature of his offence had been stated generally, "And he being present in court it is considered that for his said contempt he be and is fined by the court twenty-five dollars, &c." But we regard the legal meaning of the entry made as the equivalent of this. This being the case, all the other supposed errors set out in the second assignment of error are not well taken.

The judgment of the circuit court must be affirmed; and the plaintiff in error must pay to the defendant his costs in this Court expended and thirty dollars damages.

JOHNSON and WOODS, JUDGES, do not concur in so much of the opinion of Judge Green as maintains the proposition that it sufficiently appears from the judgment of said circuit court, that the plaintiff in error *was present in court* when the said judgment was rendered, and they are therefore of opinion the judgment of the said circuit court ought to be reversed, but they concur in the residue of said opinion and the syllabus.

AFFIRMED.