# CHARLESTON.

## STATE v. BLAIR.

Submitted January 27, 1887.—Decided March 26, 1887.

CONTEMPT—JURISDICTION.

A judgment is entered by the Circuit Court fining a party $25.00 for contempt; an execution is issued upon this judgment; and subsequently such party moves said court to quash the execution, which the court refuses to do. The party then obtains a writ of error from this Court to the order refusing to quash said execution. HELD:

I. Such writ of error does not bring before this Court for review the original judgment imposing the fine.

II. The matter involved in the judgment refusing to quash the execution being merely pecuniary and of less value than $100.00, this Court has no jurisdiction to entertain the writ of error taken therefrom.

*R. S. Blair* for plaintiff in error.

*Alfred Caldwell, Attorney-General*, for State.

SNYDER, JUDGE:

The Circuit Court of Ritchie county, on November 7, 1885, made and entered the following order:

"Ordered that R. S. Blair be and he is hereby fined twenty five dollars for his contempt of this court at the bar of in open court, and for threats of violence to the court in open court during the progress of a trial of felony; the said R. S. Blair present in court when this is imposed, and the

same being imposed at the time of committing the contempt."

On January 27, 1886, an execution issued, duly signed by the clerk of said court, in favor of the State of W. Va. against R. S. Blair for the sum of $25.00 fine, and $1.25 costs.

Blair caused a written notice to be served upon the prosecuting attorney of the county, stating therein that he would on the first day of the February term, 1886, move said court to quash said execution, because—First, the clerk had no right to issue the same; second, there is no judgment upon which it could issue; and third, there is nothing of record showing any recovery by the State against him, that could warrant the issuance of such an execution.

This notice was duly docketed on the first day of the term, and on March 12, 1886, the court made the following order:

"This day came the parties, by their attorneys, and the court considering that the defendant stands convicted by the order of this court made at a former term, he still being in contempt and the said fine therein unpaid, the court doth overrule said motion to quash said execution and doth order that the sheriff do proceed to collect the money by said execution."

Blair excepted to said action and judgment of the court and on his motion the court certified all the facts appearing on the trial, which facts are substantially as hereinbefore stated.

This writ of error was obtained by Blair. The petition on which the writ was awarded does not pray for any writ of error from the order of November 7, 1885, imposing the fine, but only from the judgment of March 12, 1886, refusing to quash the execution. The latter judgment is merely pecuniary, and as the amount involved is less than $100.00, this Court has no jurisdiction to review it, unless the writ of error brings with it for review by this Court the order or judgment of November 7, 1885, on which the execution purports to be founded. It seems to me very clear, that the proceeding to quash the execution is separable from and collateral to that in which the fine was imposed. While it is undoubtedly true, that the reversal of the original judgment reverses or annuls all proceedings had on said judgment; it vacates and makes

inoperative an execution issued thereon, and also a delivery-bond taken thereon. A *supersedeas* to the original judgment will supersede a judgment on a delivery-bond. (*Bell* v. *Bogg*, 4 Munf. 260; *Edwards* v. *Green*, 1 Rand. 44; *Stuart* v. *Laird*, 1 Cranch 299.) In *Barton* v. *Petit*, 7 Cranch 288, it was held, that a reversal of the original judgment will operate as a reversal of the dependent judgment on the forthcoming bond. The rule in such cases is analogous to the law of physics. If the trunk is destroyed the whole tree must fall. But the removal of a limb does not affect the body or other parts of the tree. Therefore, while the reversal of the judgment, which is the foundation of the execution and forthcoming bond, vacates and destroys the latter, it does not follow, that the converse is true. Even in in cases where the writ of error is to the orignal judgment, if the court finds no error in that judgment, it will decline to consider, upon such writ, the proceedings and judgment of the court below quashing or refusing to quash an execution issued upon such judgment. (*Liftwitch* v. *Stovall*, 1 Wash. 303; *Moss* v. *Moss*, 4 H. & M. 293, 303.)

I am, therefore, of opinion, both upon reason and authority, that the writ of error in this case does not bring before this Court for review the original judgment of the Circuit Court, but only the judgment and proceedings had on the motion to quash the execution. Any action we might take in regard to this latter judgment would in no manner invalidate or effect the original judgment. All that we could do, if we had jurisdiction and found the judgment erroneous, would be to quash the execution. The only benefit to the plaintiff in error, that could result from such reversal would be to postpone or, perhaps, relieve him altogether from the payment of $25.00 exclusive of costs. The judgment for contempt would remain unaffected by our decision. The $25.00, of which we might relieve him, involves simply that much money and nothing more—it in no manner affects his person or his character—and being less in amount than $100.00, this Court has no jurisdiction to review it. (*Love* v. *Pickens*, 26 W. Va. 341; *Morrison* v. *Goodwin*, 28 Id. 328.)

If, however, we had jurisdiction and could decide the case upon its merits, it does not seem to me there was any error

in the judgment of the Circuit Court. On this motion the plaintiff, Blair, was entitled to have the execution quashed, if it were true as alleged in his notice, that there was no judgment on which it could have been issued or if the judgment on which it was issued was wholly void. ( *White* v. *Foote Co.*, *supra*, p. 385.)

The record here shows, that there was a judgment. Nothing is alleged by the plaintiff in error to show, that this judgment is invalid in any respect. It is not stated in the order, that is in favor of the State, but the statute designates, that all such recoveries or fines shall be for the State, and that is sufficient to authorize the execution in favor of the State. (Freem on Judgments, §§ 50, 50*a*; *State* v *.Miller*, 23 W. Va. 801.)

But for the reasons before stated, this writ of error must be dismissed for the want of jurisdiction in this Court to entertain it.

WRIT DISMISSED.