FRANK BROKL v. JOSEPH BROKL.[1]

June 23, 1916.

Nos. 19,765—(168).

**Appeal and error — judicial notice of reversal of judgment.**

Where an order striking out an answer as sham, on the ground that an estoppel by judgment barred defendant from asserting the defense set forth therein, is appealed to this court, if this court subsequently reverses the judgment relied upon as an estoppel, it may take judicial notice of such reversal and in consequence thereof reverse the order striking out the answer.

Action in the district court for Le Sueur county. From an order, Morrison, J., striking out the answer of defendant as false and sham, defendant appealed. Reversed.

*Charles C. Kolars* and *Francis Cadwell,* for appellant.
*Wondra & Helm* and *C. D. O'Brien,* for respondent.

TAYLOR, C.

This is an appeal by defendant from an order striking out his answer as sham. Plaintiff brought ejectment to recover possession of the land in controversy. Defendant answered denying plaintiff's title and right of possession, and alleging title in himself and also that another action

[1]Reported in 158 N. W. 436.

Note.—As to effect of judicial notice of court's own record in other action, see notes in 11 L.R.A.(N.S.) 616, 29 L.R.A.(N.S.) 905.

was pending between the same parties involving the title to the land. Plaintiff moved to strike out this answer as sham, on the ground that the land in controversy had been awarded to him by the judgment in an action for partition between himself and defendant. The record in the partition proceeding was made a part of the moving papers. It discloses that an appeal to this court had been taken from the judgment of partition and was still pending undetermined when the trial court made the order here in question. That appeal was decided by this court in an opinion filed June 9, 1916, and the judgment of partition has been reversed. The order here in question rests wholly upon the conclusive effect given by the trial court to that judgment, and should be reversed if this court may take into consideration in this case the fact that that judgment has now been annulled. The authorities are to the effect that, where the decision of the lower court was based upon an estoppel by judgment, the appellate court, in order to reach a correct result, may take judicial notice of its own subsequent action reversing such judgment, and may reverse a decision which rests upon the estoppel created by such judgment upon the ground that such estoppel has ceased to exist. Butler v. Eaton, 141 U. S. 240, 11 Sup. Ct. 985, 35 L. ed. 713; Poole, Gilliam & Co. v. Seney, 70 Iowa, 275, 24 N. W. 520, 30 N. W. 634; Waldron v. Ely, 2 N. J. Law, 75, 79; Hennessy v. Tacoma Smelting & Refining Co. (C. C. A.) 129 Fed. 40, 64 C. C. A. 54; Fowler v. Gibson, 4 Ark. 427.

We hold that rule applicable in this case and the order appealed from is reversed.