Argued October 1, writ denied October 16, 1923.

## STATE EX REL. SPITZER *v.* BEVERIDGE.

### (218 Pac. 1112.)

**Appeal and Error—Stay of Execution in Favor of One Defendant Does not Suspend Right as Against Others.**

1. Generally, in the case of a judgment against several persons, a stay of execution in favor of one defendant pending an appeal by him does not suspend the right to issue execution against those not appealing; but this rule has reference to a judgment against persons who appear from the formal pleadings to be parties to the cause.

**Appeal and Error—Action to Enforce Judgment Abated, When Appeal Taken and Execution Suspended.**

2. An action brought to enforce a judgment will be abated, when it is shown that an appeal has been taken from the judgment sued on, and execution thereon has been suspended by the execution of a *supersedeas* bond, and execution on any judgment obtained in such action will be stayed while the appeal from the first judgment is pending.

**Appeal and Error—Right to Issue Execution Against Sureties on Appeal by Principal.**

3. A stay of execution on a judgment against the principal in a redelivery bond pending an appeal taken by the latter suspends the right to issue execution on the judgment against the sureties in such bond.

Original proceedings in *mandamus.*

Department 2.

WRIT DENIED.

For the plaintiff there was a brief and oral argument by *Mr. John W. Kaste.*

For defendant there was a brief over the name of *Messrs. Platt & Platt, Montgomery & Fales,* with an oral argument by *Mr. Hugh Montgomery.*

McCOURT, J.—The relator, hereinafter referred to as "plaintiff," has applied to this court for a writ of *mandamus,* commanding the defendant, as county clerk of Multnomah County, to forthwith issue execution against the property of the McCormick Steamship Lines, a corporation, and the American Surety Company of New York, a corporation, upon a certain judgment rendered in favor of plaintiff and against the "Annette Rolph," a vessel, and the above-named parties, as principal and surety, in an action brought by plaintiff to enforce a lien upon the above-named vessel, as authorized by sections 10281–10297, Or. L.

Upon presentation of plaintiff's petition, an alternative writ of *mandamus* was issued, commanding defendant to forthwith issue the execution demanded by plaintiff, or show cause to this court why he had not done so.

Defendant answered the alternative writ, which answer, together with the facts stated in the alternative writ and admitted by defendant, disclosed in substance: That heretofore plaintiff, claiming to have suffered injury to his person by the negligent management of the vessel, "Annette Rolph," commenced a suit in the Circuit Court of the State of Oregon for Multnomah County against that vessel as party defendant, to enforce his demand, as authorized by

Section 10283, Or. L., and that in said cause a warrant of arrest was duly issued, and that by virtue thereof the sheriff of Multnomah County seized and arrested the vessel mentioned; thereafter the Rolph Navigation and Coal Company, a corporation, and the McCormick Steamship Lines, a corporation, as principals, and the American Surety Company of New York, a corporation, as surety, entered into an undertaking, as authorized by statute (§ 10289, Or. L.), the penalty of which was $12,000, conditioned to satisfy the amount which should be adjudged to be due and owing to plaintiff on the determination of the action, together with all costs accruing, and thereupon the "Annette Rolph" was discharged from further detention by the sheriff. The Rolph Navigation Company, as owners of the vessel, appeared upon behalf of the vessel and answered plaintiff's complaint. The cause being at issue, a hearing was had, after which the Circuit Court, on June 20, 1923, rendered a decree in favor of plaintiff and against the vessel, "Annette Rolph," awarding to plaintiff the sum of $3,500, and made an order directed to the sheriff, commanding him to sell such vessel, together with its tackle, apparel and furniture, to satisfy the judgment and costs of the suit. The court also rendered judgment for the amount of plaintiff's recovery against the principals and surety in the above described undertaking, and ordered that execution issue for the amount of judgment and costs in favor of plaintiff, against the principals and surety in said undertaking. On July 12, 1923, the vessel by name, and the Rolph Navigation and Coal Company as owner of the vessel, by compliance with the formalities prescribed by statute, jointly perfected an appeal to this court from the above-mentioned decree, and

in connection therewith the appellants gave an undertaking, which under the statute (§ 551, Or. L.) stayed proceedings upon the judgment appealed from as to them. The McCormick Steamship Lines and the American Surety Company, the other parties to the decree, did not appeal, and plaintiff requested defendant, as county clerk, to issue an execution against them upon the judgment from which the vessel and the Rolph Navigation and Coal Company, its owner, had perfected an appeal as aforesaid. The defendant declined to issue the writ of execution demanded by plaintiff upon the ground that the appeal by, and stay of execution in favor of, the vessel and its owner, removed the decree from the jurisdiction of the Circuit Court and deprived the clerk of that court of authority to issue execution against the nonappealing parties to the judgment, until the final determination of the cause by the Supreme Court. Plaintiff now moves this court to issue the peremptory writ of *mandamus* prayed for in his petition herein, claiming that in view of the facts admitted and alleged by defendant in his answer, the law specially enjoins upon defendant, the duty to issue execution as demanded by plaintiff.

Plaintiff insists that his right to have execution issue against the McCormick Steamship Lines and the American Surety Company is not postponed or suspended by the stay of proceedings pending their appeal obtained by the vessel and her owner, as above stated.

Aside from executing the undertaking for discharge of the vessel, the McCormick Steamship Lines did not participate in the litigation above described, and for the purposes of this proceeding, that company

occupies a position identical with that of its co-obligor, the American Surety Company.

1. Generally, in the case of a judgment against several persons, a stay of execution in favor of one of the defendants, pending an appeal by such defendant, does not suspend the right to issue execution against those who have not appealed from the judgment: Freeman on Judgments (3 ed.), § 32; *Fischer* v. *Bayer,* 108 Or. 311 (216 Pac. 1028).

The rule just stated, however, has reference to a judgment against persons who appear from the formal pleadings to be parties to the cause. The obligors in the undertaking for discharge of the vessel were not parties to the cause: *Spitzer* v. *The Annette Rolph* (Or.), 218 Pac. 748 (decided October 2, 1923). Nor were they entitled to interfere in any way with the management of the suit (*The New York,* 104 Fed. 561, 564 [44 C. C. A. 38]); their undertaking is a security given to the court as a pledge or substitute for the property proceeded against; they were represented by the owner who defended in behalf of the vessel: *The Glide,* 72 Fed. 200, 202 (18 C. C. A. 504). The decree upon the undertaking and against the obligors therein is dependent upon the decree against the vessel: *Barton* v. *Petit and Bayard,* 7 Cranch (U. S.), 288 (3 L. Ed. 347, see, also, Rose's U. S. Notes).

The case last cited is a leading case, and the syllabus thereto reads in part as follows:

"If the original judgment be reversed, the reversal of the dependent judgment on the 'forthcoming bond' follows of course."

In the case of *Hoy* v. *Couch,* 5 How. (Miss.) 188, 194, the court likened a judgment upon a forthcoming or redelivery bond to a recovery in an action of

debt upon a judgment, in which case a reversal of the first judgment reverses the second judgment also, or at least defeats it "so that the plaintiff shall have no fruit thereof."

2. The authorities are quite uniform to the effect that an action brought to enforce a judgment will be abated when it is shown that an appeal has been taken from the judgment sued upon and execution thereon has been suspended by the execution of a *supersedeas* bond as provided by law, and that execution upon any judgment obtained in such action will be stayed while the appeal from the first judgment is pending: *Sweetser* v. *Fox*, 43 Utah, 40 (134 Pac. 599, 601, Ann. Cas. 1916C, 620, 47 L. R. A. (N. S.) 145); *Dawson* v. *Daniel*, 7 Fed. Cas. 213, No. 3668; *McJilton* v. *Love*, 13 Ill. 486 (54 Am. Dec. 449); *Jenkins* v. *Pepoon*, 2 Johns. (N. Y.) 312.

3. Whether a stay of execution upon a judgment against the principal in a redelivery bond, pending an appeal taken by the latter, suspends the right to issue execution upon the judgment against the sureties in such bond, does not appear to have been discussed in any late reports or text-books. This is due, perhaps, to the fact that at an early date, the decisions of courts of the highest standing firmly established the rule that in such cases a *supersedeas* in favor of the principal operates as a stay of execution upon the judgment against the sureties: 17 R. C. L. 242, 243; *Monroe* v. *Webb's Exrs.*, 4 Munf. (Va.) 73, 76; *Bell* v. *Bogg*, 4 Munf. (Va.) 260; *Steele* v. *Boyd*, 6 Leigh (Va.), 547 (29 Am. Dec. 219); *State* v. *Blair*, 29 W. Va. 474 (2 S. E. 333); *White* v. *Crump*, 19 W. Va. 583, 593; *Chrisman* v. *Jones*, 34 Ark. 73; *Ayres* v. *Burr*, 132 Cal. 125, 129 (64 Pac. 120).

In *Steele* v. *Boyd, supra,* the court said:

"A forthcoming bond grows out of the proceedings in the cause, not less than the bail bond; it is a part of the process in the cause; it is not a distinct, separate, substantive contract, but is dependent on, and intimately connected with, the action itself, forming an integral part thereof and following its fate. If the original judgment is reversed, therefore, the forthcoming bond becomes naught; if the original judgment is superseded, a *supersedeas* to a judgment on the bond is a matter of course."

The Supreme Court of West Virginia, in *White* v. *Crump, supra,* discussing the relation of forthcoming bonds to the cause in which they are given, used the following language:

"Proceedings on appeal-bonds, forthcoming-bonds, injunction-bonds and other bonds executed in a case, before the original judgments are executed, are in law considered as appendages to the original judgment and proceedings. *Edwards* v. *Green,* 1 Rand. (Va.) 44; *Stuart* v. *Laird,* 1 Cranch (U. S.), 299 (2 L. Ed. 115, see, also, Rose's U. S. Notes). The reversal of the original judgment reverses or annuls the judgment on the delivery-bond, and the *supersedeas* to the former also supersedes the latter. *Bell* v. *Bogg,* 4 Munf. (Va.) 260."

All that is contained in the above excerpts applies with full force to the situation presented by the instant case. Diligent search fails to reveal any case which announces a doctrine contrary to that enunciated by the foregoing decisions, or which disputes or criticises the rules which they establish. The rule there stated to the effect, that if the original or main judgment is superseded, it operates as a *supersedeas* to a judgment on the bond is adapted to the practice provided by our statutes; it appears to be a reasonable rule, and we adopt the same.

It follows that the defendant properly refused to issue execution as demanded by plaintiff. Accordingly plaintiff's prayer for a peremptory writ of *mandamus* should be denied, and it is so ordered.

WRIT DENIED.

McBRIDE, C. J., and BURNETT and HARRIS, JJ., concur.